1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Katie M. Charleston (SBN 252422)
Katie Charleston Law, PC
9151 Atlanta Avenue, No. 6427
Huntington Beach, CA  92615
PH: 317-663-9190
Fax: 317-279-6258
Email: katie@katiecharlestonlaw.com

Attorney for Plaintiff, Demetrious Polychron

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| DEMETRIOUS POLYCHRON, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> JEFF BEZOS, an Individual, JENNIFER SALKE, An Individual, SIMON TOLKIEN, an Individual, PATRICK MCKAY, an Individual, JOHN D. PAYNE, an Individual, AMAZON STUDIOS LLC, a California Limited Liability Company, AMAZON CONTENT SERVICES, LLC, a Delaware Limited Liability Company, THE TOLKIEN ESTATE, THE TOLKIEN ESTATE LIMITED, THE TOLKIEN TRUST, and DOES 1-100, <br> Defendants. | Case No.: <br><br> **COMPLAINT** <br><br> **(1) COPYRIGHT INFRINGEMENT;** <br> **(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT;** <br> **(3) VICARIOUS INFRINGEMENT; AND** <br> **(4) UNFAIR COMPETITION** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES**

1

Comes now Demetrious Polychron ("Plaintiff" or "Polychron") and for his Complaint against Jeff Bezos ("Bezos"), Jennifer Salke ("Salke"), Simon Tolkien ("Tolkien"), Patrick McKay ("McKay"), John D. Payne, ("Payne"), Amazon Studios LLC ("Amazon Studios"), Amazon Content Services LLC ("Amazon Content"), The Tolkien Estate ("Tolkien Estate"), The Tolkien Estate Limited, and The Tolkien Trust ("Tolkien Trust") (collectively "Defendants"), states:

## THE PARTIES

1.      Plaintiff Polychron is now, and at all relevant times has been, a resident of Los Angeles, California.

2.      Defendant Bezos is now, and at all relevant times has been, a resident of Los Angeles, California.  He is the founder, Director and the Executive Chair of Amazon Studios.

3.      Defendant Salke is now, and at all relevant times was, a resident of Los Angeles, California.  She is the Head of Amazon Studios.

4.      Defendant Tolkien is now, and at all relevant times, was a resident of Santa Barbara, California.  Tolkien is the grandson of J.R.R. Tolkien, shareholder to the Tolkien Estate, Director of the Tolkien Estate Limited, and Director in The Tolkien Trust (collectively "The Tolkien Estate").

5.      Defendant McKay is now, and at all relevant times was, a resident of Los Angeles, California.  He is a Showrunner and Executive Producer for Defendant Amazon Studios.

6.      Defendant Payne is a resident of McLean, Virginia.  He is a Showrunner and Executive Producer for Defendant Amazon Studios.

7.      Amazon Studios is a Limited Liability Company registered under the laws of the State of California, and has its principal place of business in Los Angeles, California.

8.      Amazon Content is a Delaware Limited Liability Company, registered as an Out-of-State Limited Liability in California, and is a subsidiary to Amazon Studios.

9.      The Tolkien Estate is a foreign legal body that manages the property creations

**COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES**

and Intellectual Property of the deceased J.R.R. Tolkien and its estate, including his related copyrights, and is a resident of Oxford, residing at Prama House, 267 Banbury Road, Oxford OX2 7HT, United Kingdom.

10.   The Tolkien Estate Limited is a foreign partnership engaging in book publishing, film and video games, with a principal place of business at Prama House, 267 Banbury Road, Oxford OX2 7HT, United Kingdom.

11.   The Tolkien Trust is a charity, registered to the Charity Commission for England and Whales, and with a principal place of business at 267 Banbury Road, Oxford OX2 7HT, United Kingdom.

12.   The true names and capacities, whether individual, corporate, associate or otherwise of Defendants sued herein as Does 1-100, are unknown to Plaintiff, which sues said Defendants by such fictitious names ("Doe Defendants").  If necessary, Plaintiff will seek leave of Court to amend this Complaint to state their true names and capacities when ascertained.  Plaintiff is informed and believes and based thereon alleges that the Doe Defendants are also subject to relief requested herein by way of their concerted, contributory or vicarious acts and responsibility.

## JURISDICTION AND VENUE

13.   This action is brought under the Federal Copyright Act of 1976, as amended, 17 U.S.C.A. §§ 101 et seq.  This court has jurisdiction pursuant to 28 U.S.C.A. § 1338(a). Venue is conferred by 28 U.S.C.A. § 1400(a).

14.   This Court has supplemental jurisdiction arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under Federal Law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

15.   The Court has personal jurisdiction over Defendants Bezos, Salke, McKay and Tolkien because they reside in California.

16.   The Court has personal jurisdiction over Defendant Payne because of his minimum contacts with the State, namely, his employment by Amazon Studios and

**COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES**

contracts with agents, managers, publicists and legal representatives.

17.   The Court has personal jurisdiction over Amazon Studios because it is a registered California Limited Liability Company, with its principal place of business is in Los Angeles, California.

18.   The Court has personal jurisdiction over Amazon Content because it is registered in the State of California as an Out-of-State Limited Liability Company.

19.   The Court has personal jurisdiction over the Tolkien Estate, Tolkien Estate Limited and the Tolkien Trust because of their minimum contacts with California, namely, having these Defendants as controlling shareholders, partners and directors who reside in California and who have contributed to the acts alleged herein.

20.   Venue is proper in this district because most of the Defendants are residents of Los Angeles County, California.  Additionally, acts that give rise to this action were committed within this district.

<u>FACTS COMMON TO ALL CLAIMS</u>

21.   Prior to September 22, 2022, Polychron, who then was and ever since has been a citizen of the United States, created, wrote and published an original book entitled "The Fellowship of the King" ("TFOTK") and conceived an entire seven book series, "The War of the Rings" ("The Work").

22.   Plaintiff's above-referenced book contains a substantial amount of material created by Plaintiff's own skill, labor and judgment, and is copyrightable subject matter under the laws of the United States.

23.   On or about November 21, 2017, Polychron complied, in all respects, with the copyright laws of the United States and all other laws governing copyrights, and secured the exclusive rights and privileges in and to the book of authorship, receiving from the Register of Copyrights a certificate of registration dated and identified as follows: November 21, 2017, The Fellowship of the King, TXu 2-076-068.  A copy of the certificate of registration is attached as Exhibit A and incorporated by reference herein.  Plaintiff has been and still is the proprietor of all rights, title and interest in and

**COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES**

4

to the above copyright.  Publication was made with notice in strict and full compliance with the Federal Copyright Act of 1976.

24.   Since September 22, 2022, the above-mentioned book has been published by Plaintiff, and all copies of it made by Polychron or under his authority or license have been printed, bound and published in strict conformity with the provisions of the United States Copyright Act of 1976 and all other laws governing copyright.

25.   Since September 22, 2022, Plaintiff has been and still is the sole proprietor of all rights, title and interest in and to the copyright in the described book.

26.   Tolkien, the grandson of J.R.R. Tolkien, the author of The Lord of the Rings ("LOTR") book series, is a controlling shareholder to the Tolkien Estate and Director of the Tolkien Estate Limited and The Tolkien Trust. In his roles, Tolkien can both communicate requests for collaboration to The Tolkien Estate and control such collaborations.

27.   On or about November 21, 2017, Polychron sent a letter to Tolkien explaining his love of the LOTR books, and describing his authorship of TFOTK and The Work, which was largely inspired by LOTR.  In this letter, Polychron sought review of the TFOTK manuscript by Tolkien.  Polychron received no response.

28.   Subsequently, on or about November 7, 2019, and with excitement to collaborate with the Defendants and the anticipation of publishing his book to the public, Polychron retained counsel to contact Tolkien, the Tolkien Estate, The Tolkien Estate Limited and the Tolkien Trust regarding a potential collaboration with him on The Work as a sequel to LOTR.  Polychron's letter detailed descriptions of his book and The Work, with request for review and collaboration.  The Defendants, by counsel, rebuffed any attempt at collaboration the very next day.

29.   On or about December 24, 2019, Polychron delivered in-person to Tolkien a copy of TFOTK manuscript, identified with the © symbol, at his home in Santa Barbara, hoping he would review the manuscript and reconsider collaboration. On or about January 14, 2019, and after Polychron received no response, Polychron sent a letter to

**COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES**

Tolkien, asking Tolkien to return the manuscript and Polychron advised that he would publish TFOTK, and an additional six book series, independently.

30. Following Tolkien's review of Polychron's copyright protected manuscript, the Defendants, and each of them, collaborated to create a television series, The Lord of the Rings, The Rings of Power ("ROP"). While the agreement reached between Amazon Studios and The Tolkien Estate to create the series occurred on or about November 13, 2017, ROP was ultimately copied largely from Polychron's copyrighted book, TFOTK. As a result of the Agreement the Tolkien Estate paid Amazon Studios, $250,000,000 for the rights to the series that ultimately copied Polychron's book and The Work, and upon information and belief, has earned the Defendants even more since the release of the series.

31. In writing TFOTK, Polychron, while admittedly inspired by the LOTR and J.R.R. Tolkien, developed a wholly original book and concept for The Work, including separate and distinct characters and storylines from the LOTR series. These wholly original distinct and separate characters and storylines compose as much as one-half of the 8-episode series as released and published by Defendants. In many cases Defendants copied exact language from TFOTK. In other instances, Defendants copied images that match the book cover and descriptions as created in the book as authored by Polychron.

32. On or about October 19, 2022, and despite the Defendants' knowledge of Polychron's copyrighted book, and in blatant disregard for their infringing use of Polychron's creation, Defendants, and each of them, caused to be registered what is now Copyright Registration No. PA0002384079, titled The Lord of the Rings: The Ring of Power: 101, A Shadow of the Past.

33. On or about October 19, 2022, despite the Defendants' knowledge of Polychron's copyrighted book, and in blatant disregard for their infringing use of Polychron's creation, Defendants, and each of them, caused to be registered what is now Copyright Registration No. PA0002385184, titled The Lord of the Rings: The Ring of Power: 102, ADRIFT.

34.     On or about October 19, 2022, despite the Defendants' knowledge of Polychron's copyrighted book, and in blatant disregard for their infringing use of Polychron's creation, Defendants, and each of them, caused to be registered what is now Copyright Registration No. PA0002385180, titled The Lord of the Rings: The Ring of Power: 103, ADAR.

35.     On or about October 19, 2022, despite the Defendants' knowledge of Polychron's copyrighted book, and in blatant disregard for their infringing use of Polychron's creation, Defendants, and each of them, caused to be registered what is now Copyright Registration No. PA0002385177, titled The Lord of the Rings: The Ring of Power: 104, The Great Wave.

36.     On or about October 19, 2022, despite the Defendants' knowledge of Polychron's copyrighted book, and in blatant disregard for their infringing use of Polychron's creation, Defendants, and each of them, caused to be registered what is now Copyright Registration No. PA0002385169, titled The Lord of the Rings: The Ring of Power: 105, Partings.

37.     On or about October 24, 2022, despite the Defendants' knowledge of Polychron's copyrighted book, and in blatant disregard for their infringing use of Polychron's creation, Defendants, and each of them, caused to be registered what is now Copyright Registration No. PA0002385154, titled The Lord of the Rings: The Ring of Power: 107, The Eye.

38.     On or about October 24, 2022, despite the Defendants' knowledge of Polychron's copyrighted book, and in blatant disregard for their infringing use of Polychron's creation, Defendants, and each of them, caused to be registered what is now Copyright Registration No. PA0002385182, titled The Lord of the Rings: The Ring of Power: 108, Alloyed.

39.     Upon information and belief, additional episodes using the same characters and storylines created by Polychron are expected in a future release by Defendants in an additional four seasons of the show, ROP, over the next four years.

**COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES**

40.   Upon information and belief, additional copyrights will be sought by Defendants based on additional episodes of ROP developed using Polychron's wholly original book, TFOTK, and The Work.

## CLAIM ONE

## INFRINGEMENT OF A FEDERALLY REGISTERED COPYRIGHT

41.   Plaintiff realleges the allegations of Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42.   At all relevant times relevant hereto, Plaintiff has been the creator and owner of the book, TFOTK, which has been copied, reproduced, distributed, published and publicly displayed on television by Defendants, including on Amazon Prime as ROP.

43.   Plaintiff holds the copyright to TFOTK from the United States Copyright Office.

44.   Without authorization, Defendants took original characters, stories, images and exact lines from TFOTK, owned and copyrighted by Plaintiff, and copied, reproduced and published them in the 8-episode season of the ROP series.

45.   Defendants infringed the above-mentioned copyright by publishing and placing on the market a television series, namely ROP, which was copied largely from Plaintiff's copyrighted book, entitled TFOTK.

46.   Polychron has notified Defendants that they have infringed the copyright of Polychron, and Defendants continue to infringe that copyright.  Defendants have, and continue to, willfully infringe on Plaintiff's works with the knowledge of Plaintiff's copyright and that they did not and do not have permission to use such copyrighted works.

47.   Defendants' use and visual representation of Polychron's copyright protected material negatively affects TFOTK, and therefore Polychron's reputation, rights and control of revenue from such use.

48.   Plaintiff has suffered at least $250,000,00 in damages as a result of the copyright infringement, but an amount to be proven at trial.

49.   By reason of their size, it is impractical to attach copies of Polychron's book

and the 8-episode series of ROP as exhibits, but copies will be made available and exhibited to the court at all appropriate hearings.  A sample of the infringements is attached hereto as Exhibit "B" and incorporated herein throughout, and which includes but is not limited to further infringements occurring throughout ROP and taken directly from TFOTK.

50.    Defendants knew their acts constituted copyright infringement.

51.    Defendants' conduct was willful within the meaning of the Copyright Act.

52.    As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501.  Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to his business reputation and goodwill.

53.    Plaintiff is entitled to recover damages, which include his losses and any and all profits Defendants have made as a result of their wrongful conduct.  17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

54.    In addition, because Defendants' infringement was willful, and/or with reckless disregard, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

55.    Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

56.    As a result of Defendants' copyright infringement, Polychron has suffered at least $250,000,000 and will continue to suffer damages in an amount unknown at this time, but to be determined according to proof at trial.

## CLAIM TWO

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

57.    Plaintiff realleges the allegations of Paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58.    Numerous individuals and entities directly infringed on Plaintiff's copyrighted work.

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES

59.   Defendants induced, caused and materially contributed to the infringing acts of others by encouraging, allowing and assisting others to reproduce and distribute Plaintiff's copyrighted work.

60.   Defendants had knowledge of the infringing acts relating to Plaintiff's copyrighted work.

61.   The acts and conduct of Defendants, as alleged above in this Complaint, constitute contributory copyright infringement.

## CLAIM THREE

## VICARIOUS COPYRIGHT INFRINGEMENT

62.   Plaintiff realleges the allegations of Paragraphs 1 through 61 of this Complaint as if fully set forth herein.

63.   Numerous individuals and entities directly infringed on Plaintiff's copyrighted work.

64.   Defendants had the right and ability to control the infringing acts of the individuals or entities who directly infringed Plaintiff's works.

65.   Defendants obtained a direct financial benefit from the infringing activities of the individuals or entities who directly infringed Plaintiff's work.

66.   The acts and conduct of Defendants, as alleged in this Complaint, constitute vicarious infringement.

## CLAIM FOUR

## UNFAIR COMPETITION

67.   Plaintiff realleges the allegations of Paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68.   Defendants have continuously, and since about September 2, 2022, have published, sold and otherwise marketed the television series entitled ROP despite Polychron's registered Copyright, and thus have engaged in Unfair Competition against Plaintiff, to Plaintiff's irreparable damage, which cannot be adequately calculated or compensated in money damages.

**COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES**

69.     There is a substantial likelihood that Plaintiff will succeed on the merits of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests as follows:

1.      Defendants, and their agents, and servants be enjoined during the pendency of this action and permanently from infringing the above-mentioned copyright of Plaintiff in any manner, and from publishing, selling, marketing or otherwise disposing of any copies of the television series entitled ROP.

2.      An order to show cause be issued directing Defendants to appear before this court at a time and place fixed in the order to show cause why they should not be enjoined and restrained pendente lite from producing, recording, photographing, or publicly performing, displaying or exhibiting the production copied from Plaintiff's book, and The Work, or otherwise infringing Plaintiff's copyright.

3.      Defendants be required to expressly abandon the copyright registration Nos. PA0002384079, PA0002385184, PA0002385180, PA0002385177, PA0002385169, PA0002385154, PA0002385182; or in the alternative, be required to assign said copyrights to Plaintiff.

4.      Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' infringement of Plaintiff's copyright and Defendants' unfair trade practices and unfair competition, and to account for:

a.      All gains, profits and advantages derived by Defendants through such unfair trade practices and unfair competition; and

b.      All gains, profits and advantages derived by Defendants through Defendants' infringement of Plaintiff's copyright, or such damages as to the court shall appear proper within the provisions of the copyright statutes, but not less than $250,000,000.

5.      Defendants be required to deliver to be impounded during the pendency of this action all physical and digital copies of the television series entitled ROP in their

possession or under their control, and to identify and deliver up for destruction all infringing copies.

6.     Defendants be required to pay Plaintiff damages sustained by Plaintiff by reason of Defendants' acts, in the sum of $250,000,000 and to account to Plaintiff for all gains, profits and advantages derived from their acts, or any of them.

7.     Defendants to pay all statutorily appropriate damages to Plaintiff for their infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 504.

8.     Defendants to pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed Plaintiff by the court pursuant to 17 U.S.C. § 505.

9.     Plaintiff have such other and further relief as is just.

## JURY DEMAND

Plaintiff demands a trial by jury.


Dated: April 14, 2023                                    Respectfully submitted,

                                                         Katie Charleston Law, PC


                                         By:    /s/ Katie M. Charleston____
                                                Katie M. Charleston, Esq.
                                                Attorney for Plaintiff

**COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES**

## VERIFICATION

I am the plaintiff in this action.  I have read the foregoing complaint and it is true of my own knowledge, except as to those matters stated on information or belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 14, 2023                    Signed: _____
                                         Demetrious Polychron (Apr 14, 2023 16:46 PDT)
                                         Demetrious Polychron
                                         Plaintiff

**COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES**

13