1  LACY H. ("Lance") KOONCE, III (*admitted pro hac vice*)
   GILI KAREV (Bar Number: 348774*)*
2  **KLARIS LAW**
   29 Little West 12 St.
3  New York, NY 10014
4  Telephone:(917) 612-5861
5  Email:      lance.koonce@klarislaw.com

6  
   Attorneys for the Tolkien Estate Limited, the Tolkien Trust and Simon Tolkien.
7  

8  **IN THE UNITED STATES DISTRICT COURT**

9  **THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

10
11

| | |
|---|---|
| 12  DEMETRIOUS POLYCHRON | Case No. 2:23-cv-02831-SVW-E |
| 13 | |
| 14         Plaintiff, | |
|         v. | **DEFENDANTS THE TOLKIEN ESTATE LIMITED, THE TOLKIEN TRUST AND SIMON TOLKIEN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |
| 15  JEFF BEZOS, an Individual, JENNIFER SALKE, An Individual, SIMON TOLKIEN, an Individual, PATRICK MCKAY, an Individual, JOHN D. PAYNE, an Individual, AMAZON STUDIOS LLC, a California Limited Liability Company, AMAZON CONTENT SERVICES, LLC, a Delaware Limited Liability Company, THE TOLKIEN ESTATE LIMITED, THE TOLKIEN TRUST, and DOES 1-100, | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21         Defendants. | Date:     August 28, 2023<br>Time:     1:30pm<br>Place:    Courtroom 10A |

22
23
24
25
26
27
28

# REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Defendants the Tolkien Trust, the Tolkien Estate Limited (collectively, the "Tolkien Estate") and Simon Tolkien (collectively with the Tolkien Estate, the "Tolkien Defendants") respectfully request that this Court take judicial notice of the following documents referenced in Plaintiff's First Amended Complaint ("FAC") or submitted in support of Defendants' concurrently filed Notice of Motion and Motion To Dismiss:

**Works at Issue**

1. Copy of *The Lord of the Rings* by J.R.R. Tolkien, referenced in the FAC at ¶¶ 25-27, 29-30 and concurrently lodged as Exhibit A to the Declaration of Lacy H. Koonce, III ("Koonce Decl.")

2. Copy of the September 22, 2022 version of Plaintiff's book *The Fellowship of the King* (the "Infringing Work"), referenced in the FAC at ¶ 23 and concurrently lodged as Exhibit F to the Koonce Declaration.

3. Copy of the November 21, 2017 deposit copy of The Infringing Work submitted to the U.S. Copyright Office for registration, referenced in the FAC at ¶ 26 and concurrently lodged as Exhibit G to the Koonce Declaration.

4. Copy of the September 22, 2022 cover of Plaintiff's sequel, *The Fellowship of the King* (the "Infringing Work"), referenced in the FAC at Exhibit B, Example No. 1 in Episode No. 1, and concurrently lodged as Exhibit H to the Koonce Declaration.

**Letters Referenced in the FAC**

5. November 21, 2017 letter from Plaintiff to Defendant Simon Tolkien in which Plaintiff discusses his sequel to *The Lord of the Rings,* referenced in the FAC at ¶ 26 and concurrently lodged as Exhibit B to the Koonce Declaration.

6. November 7, 2019 letter from Plaintiff's counsel, and accompanying statement from Demetrious Polychron, to Defendant Simon Tolkien regarding a potential collaboration with the Tolkien Estate on the publication of such

      sequel, referenced in the FAC at ¶ 27 and concurrently lodged as Exhibit C to the Koonce Declaration.

7. Response from counsel for the Tolkien Estate that it did not wish to grant the right to publish a sequel to *The Lord of the Rings*, referenced in the FAC at ¶ 27 and concurrently lodged as Exhibit D to the Koonce Declaration.

8. December 24, 2019 letter that Plaintiff hand-delivered to Defendant Simon Tolkien alongside a physical copy of his infringing manuscript, referenced in the FAC at ¶ 28 and concurrently lodged as Exhibit E to the Koonce Declaration.

9. *The Tolkien Trust et al v. Demetrious Polychron*, 23-cv-04300-SVW-E (2023), a case currently pending before this court (the "Related Case").

## Websites

10. The Fractical Books website, https://www.fractalbooks.com/story/story-behind-the-book-the-fellowship-of-the-king/

11. The IGN website page for the article "Amazon's Lord of the Rings Series Confirmed to Be Set in the Second Age," https://www.ign.com/articles/2019/03/07/amazons-lord-of-the-rings-series-confirmed-to-be-set-in-the-second-age

12. The Entertainment Weekly website page for the article "What to expect from Amazon's Lord of the Rings show and its Second Age setting," https://ew.com/tv/2019/04/17/amazon-lord-of-the-rings-show-second-age/

13. The Stuff website page for the article "Massive production underway for Lord of the Rings in Auckland," https://www.stuff.co.nz/entertainment/film/119761019/massive-production-underway-for-lord-of-the-rings-in-auckland

14. The Deadline website page for the article "LOTR: The Rings Of Power' Forges Biggest Premiere Viewership Ever For Amazon Prime Video,". https://deadline.com/2022/09/lord-of-the-rings-viewership-rings-of-power-

amazon-jeff-bezos-tolkien-1235107279/

I. **THE COURT MAY TAKE JUDICIAL NOTICE OF THE WORKS AT ISSUE, AND THE PARTIES' CORRESPONDENCE, REFERENCED IN THE FAC**

It is well-established that when determining whether a complaint states a plausible claim for relief on a Rule 12(b)(6) motion, a court may consider not only materials appended to the pleading, but also "documents which are not physically attached to the complaint but 'whose contents are alleged in [the] complaint and whose authenticity no party questions.'" *Zella v. E.W. Scripps Co.,* 529 F. Supp. 2d 1124, 1128 (C.D. Cal. 2007) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)) For copyright infringement claims, this includes the works at issue. In the *Zella* case, the Court noted that "Plaintiffs allege that the show *Rachael Ray*, as an ongoing series, infringes on Plaintiffs' *Showbiz Chef*s, so the Court may properly consider the content of the show…." *Id.* The Court then held that the two shows were not substantially similar, and granted the defendants' motion to dismiss. *Id.* at 1137-38; *see also Fillmore v. Blumhouse Productions, LLC*, 2017 WL 4708018, at *2 (C.D. Cal. July 7, 2017) (film and manuscript); *see also Reflex Media, Inc. v. Pilgrim Studios, Inc.*, 2018 WL 5655651, at 3 n.3 (C.D. Cal. Aug. 27, 2018) (two series). Similarly, in *Burnett v. Twentieth Century Fox*, 491 F. Supp. 2d 962 (C.D. Cal. 2007), this Court reviewed the content of the respective television programs in connection with a copyright infringement claim. *Id.* at 966 (citing *Daly v. Viacom, Inc.*, 238 F. Supp. 2d 1118, 1121-1122 (N.D. Cal. 2002)). Consideration of material referenced in the pleading does not require the Court to convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

The Infringing Work and *The Lord of the Rings*, which Plaintiff identifies as his inspiration for the Infringing Work, are at the center of Plaintiff's claim for infringement. Both works are referenced in the FAC and are therefore incorporated by reference in the FAC and are the proper subjects of judicial notice. With respect to the Infringing Work, this includes not just the September 22, 2022 published version, but also cover of that version, as well as the earlier November 2017 deposit copy of the Infringing Work lodged with the U.S. Copyright Office, all of which are also referenced in the FAC. The deposit copy is independently subject to judicial notice as a government record. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (courts may take judicial notice of matters of public record); *Valentino S.p.A.*, No. LACV1906306JAKSSX, 2020 WL 7382765, at *4 (C.D. Cal. Nov. 4, 2020) ("A court may take judicial notice of public records, government documents, judicial opinions, municipal ordinances, newspaper and magazine articles, and the contents of websites.").

In addition to the works at issue, Plaintiff references three separate instances in which he sent or hand-delivered letters to Simon Tolkien or the Tolkien Estate requesting permission to publish his infringing sequel, and at least one instance in which he received an explicit denial of such permission. Because these letters are referenced in the FAC, they are each the proper subject of judicial notice.

## II. THE COURT MAY TAKE JUDICIAL NOTICE OF THE RELATED CASE AND CERTAIN RELEVANT WEBSITES

Under the Federal Rule of Evidence 201, the court can take judicial notice of court filings that are matters of public record. *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings); *Burnham v. Ruan Transp.*, No. SACV 12–0688 AG (ANx), 2013 WL 4564496, *2 (C.D. Cal. Aug. 16, 2013) ("courts may take judicial notice of pleadings and court orders that are matters of public record"). Here, because the Related Case is in the public record, it is the

proper subject of judicial notice.

Separately, judicial notice is properly taken of documents and information found on the Internet, including news articles. *Threshold Enterprises, Ltd. v. Pressed Juicery*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed."); see also [Caldwell v. Caldwell, No. 05-cv-4166-PJH, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006)]("... [A]s a general matter, websites and their contents may be proper subjects for judicial notice."). *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 762-63 (C.D. Cal. 2015) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web"); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2009) (judicial notice to establish "what information was in the public realm"). Accordingly, here the Court also may properly take judicial notice of the existence of the articles identified above as well as Plaintiff's own public website.

The Tolkien Defendants respectfully submit that their Request for Judicial Notice should be granted.

Dated: July 27, 2023

/s/ Lacy H. Koonce, IIII
Lacy H. Koonce, IIII
Gili Karev
KLARIS LAW PLLC
29 Little W 12th Street
New York, NY 10014
Telephone: (917) 612-5861
lance.koonce@klarislaw.com

*Attorneys for Defendants the Tolkien Trust, the Tolkien Estate Limited, and Simon Tolkien*