1    Katie M. Charleston (SBN 252422)
     Katie Charleston Law, PC
2    9151 Atlanta Avenue, No. 6427
3    Huntington Beach, CA  92615
     PH: 317-663-9190
4    Fax: 317-279-6258
5    Email: katie@katiecharlestonlaw.com

6    Attorney for Plaintiff, Demetrious Polychron

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

11   DEMETRIOUS POLYCHRON                Case No.: 2:23-cv-02831-SVW-E

12                      Plaintiff,

13                                       **PLAINTIFF'S OPPOSITION TO
          vs.                            AMAZON DEFENDANTS'
14                                       MOTION TO DISMISS**

15   JEFF BEZOS, et al.,

16                      Defendants.      Hearing Date: August 28, 2023
                                         Hearing Time: 1:30pm
17                                       Complaint filed: April 4, 2023
18                                       Amended Complaint Filed: July 13,
                                         2023
19

20

21

22

23

24

25

26

27

28

     **PLAINTIFF'S OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

I.  INTRODUCTION ..................................................................................2

II.  FACTS ................................................................................................3

III.  ARGUMENT ......................................................................................4

    A. PLAINTIFF HAS SUFFICIENTLY PLEADED THE ALLEGATIONS IN THE FAC. .................................................................................5

    B. DIRECT INFRINGEMENT HAS BEEN SUFFICIENTLY PLEADED BY PLAINTIFF ................................................................................5

      ii. *THE FELLOWSHIP OF THE KING* IS A WHOLLY ORIGINAL WORK .......................................................................................6

      iii. DEFENDANTS HAD ACCESS TO PLAINTIFF'S WORK .......................................................................................7

    C. CONTRIBUTORY INFRINGEMENT HAS BEEN SUFFICIENTLY PLEADED BY PLAINTIFF ..............................................................7

      i.  AMAZON DEFENDANTS KNEW OR HAD REASON TO KNOW OF THE INFRINGING ACTIVITY. .................................................7

      ii. AMAZON DEFENDANTS MATERIALLY CONTRIBUTED TO INFRINGEMENT ..................................................................8

    D. VICARIOUS COPYRIGHT INFRINGEMENT IS SUFFICIENTLY PLEADED ......................................................................................8

      i.  AMAZON DEFENDANTS PROFITED FROM RINGS OF POWER .......................................................................................9

      ii. AMAZON DEFENDANTS DECLINED TO STOP INFRINGING ACTIVITY .............................................................................9

    E. UNREGISTRABLE ELEMENTS AND ALLEGED TOLKIEN ELEMENTS ....................................................................................9

IV.  CONCLUSION ................................................................................11

**PLAINTIFF'S OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS**

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**

*A&M Recs., Inc. v. Napster, Inc.,* 239 F.3d 1004, 1019 (9th Cir. 2001)............7, 10, 11

*A&M Recs., Inc. v. Napster, Inc.,* 284 F.3d 1091 (9th Cir. 2002)..................................7

*Alfred v. Walt Disney Company* (9th Cir. 2020) 821 Fed.Appx. 727, 729 .................13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d
   929 (2007).................................................................................................................7

*Dish Network L.L.C. v. Jadoo TV, Inc.*, No. 20-CV-01891-CRB, 2023 WL 4004115,
   at *14 (N.D. Cal. June 13, 2023). ..........................................................................11

*Dougherty Cty. Sch. Sys.*, 314 Fed. App'x 180, 184 n.7 (11th Cir. 2008)...................12

*Esplanade Prods., Inc. v. Walt Disney Co.*, No. B315859, 2023 WL 4614822, at *8
   (Cal. Ct. App. July 19, 2023). ..................................................................................8

*FragranceNet.com, Inc. v. FragranceX.com, Inc.,* 679 F. Supp. 2d 312, 318,
   323 (E.D.N.Y. 2010)..........................................................................................7, 8, 13

*Horton v. HSBC Bank,* 2013 WL 2452273 at *9 (N.D. Ga. 2013)  ............................12

*Luvdarts, LLC v. AT & T Mobility, LLC,* 710 F.3d 1068, 1071 (9th Cir. 2013) ......7, 12

*Poer* v. Jefferson Cnty. Comm'n, No. 2:19-CV-1361-AKK, 2020 WL 1987272, at
*3 (N.D. Ala. Apr. 27, 2020)....................................................................................12

*Polite v. Dougherty Cty. Sch. Sys.*, 314 Fed. App'x 180, 184 n.7 (11th Cir. 2008).  ..12

**Statutes**

17 U.S. Code § 410 .........................................................................................................7

**Other Authorities**

*Compendium of U.S Copyright Office Practices*: 3rd ed section 709.4. ........................9

**Rules**

Federal Rule of Civil Procedure 7 .................................................................................12

Federal Rule of Civil Procedure 8 ..............................................................................7, 8

Federal Rule of Civil Procedure 12 ..............................................................................12

1   Plaintiff, Demetrious Polychron, by counsel, submits his opposition to the Motion
2   to Dismiss filed by Amazon Studios LLC, Amazon Content Services LLC, Patrick
3   McKay, John D. Payne, Jeff Bezos and Jennifer Salke (the "Amazon Defendants").
4   Dated: August 7, 2023                    Respectfully submitted,
5                                            Katie Charleston Law, PC
6
7                                            By:   /s/ *Katie Charleston*
8                                                  Katie Charleston, Esq.
                                                   Attorney for Plaintiff
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF'S OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   INTRODUCTION

This case was prompted by Defendants illegally, and without authorization, incorporating Plaintiff's literary work into an Amazon Prime series titled "The Lord of the Rings: The Rings of Power ("ROP")." In the center of this case is an independent author who wrote an original work of authorship, "The Fellowship of the King." There is no dispute that Plaintiff, like so many other artists, was inspired by the fantasy series, The Lord of The Rings, by J.R.R Tolkien. J.R.R. Tolkien is known to many as the Father of Fantasy because of his influence and inspiration in modern fantasy. Many of these works, such as Game of Thrones and Star Wars, have enjoyed success and undisputed copyright protection despite their source of inspiration. Though not yet as successful as George R. Martin or George Lucas, Plaintiff is entitled to the same copyright protection as any other fantasy artist inspired by J.R.R Tolkien's works. J.R.R. Tolkien himself was inspired by and took concepts and characters from his predecessors in the literary world, like George McDonald, Elias Lonnrot, and Greek and Nordic Mythology. Though his concepts and characters were borrowed from others, J.R.R Tolkien used them to create an original work, garnering him a valid copyright, and so has Defendant here.

Plaintiff presents as an easy target for giants such as Amazon and the Tolkien Estate to infringe upon. Amazon's series, ROP, is substantially similar to the wholly original elements in Plaintiff's work. Characters, plot points, and themes were lifted directly from Plaintiff's work. Every Defendant had actual and constructive knowledge of Plaintiff's copyrights. However, it was the Tolkien Defendants who provided Amazon with the infringing elements to produce ROP, which was widely distributed on Amazon platforms. This egregious and unlawful infringement has continued despite notice to Defendants.

The instant motion brought by these Defendants is wholly inappropriate and improper as the Defendants have unlawfully presented evidence beyond the face of the Complaint or as would be required for the Court to engage in the extrinsic test analysis, with the knowledge that Plaintiff has met his minimal notice pleading requirements, and

1    have demonstrated that the two works at issue are substantially similar.  The Defendants
2    have essentially brought a motion for summary judgment before any discovery has been
3    conducted to preclude Plaintiff from fairly litigating this matter.  However, since Plaintiff
4    has met his minimal pleading burden, the motion must be denied, and the Defendants
5    must answer the Complaint.

6    ## II.   FACTS

7        Plaintiff, using his own skill, labor, and judgment, created an original work, *The
8    Fellowship of the King* (The Work).  [First Amended Complaint ("FAC") ¶ 21].  Although
9    inspired by Tolkien's works, The Work is a wholly original work, including separate and
10   distinct characters and storylines.  [FAC ¶ 30].  On November 21, 2017, Plaintiff secured
11   the exclusive rights and privileges in and to the book of authorship, receiving from the
12   Register of Copyrights a certificate of registration dated and identified as, *The Fellowship
13   of the King*, TXu2-076-068. [FAC ¶ 22].

14       Defendant Simon Tolkien controls both The Tolkien Estate Limited and The
15   Tolkien Trust.  [FAC ¶ 25]  On November 21, 2017, after obtaining the copyright,
16   Plaintiff contacted the Tolkien Estate seeking a review of The Work and a collaboration
17   based on The Work.  [Compl.26].  Receiving no response, on November 7, 2019, Plaintiff
18   retained counsel to contact Defendant Simon Tolkien regarding collaboration, and Simon
19   Tolkien, through counsel, refused.  [FAC ¶ 27].  On December 24, 2019, Plaintiff
20   *delivered* a copy of The Work to Defendant Simon Tolkien.  [FAC ¶¶ 28-29].  The copy
21   indicated The Work was copyrighted.  *Id*  On January 14, 2019, and after receiving no
22   response, Plaintiff requested Defendant Simon Tolkien return the copy and Simon
23   Tolkien obliged.  *Id.*

24       However, before sending the copy back to Plaintiff, Defendant Simon Tolkien
25   reviewed or copied the manuscript and presented or conveyed either The Work in its
26   entirety or substantial elements of The Work to the Amazon Defendants when
27   collaborating to create the series *Rings of Power*. [FAC ¶ 31].  The original characters,
28   storylines, and elements in The Work compose as much as one-half of the 8-part series,

**PLAINTIFF'S OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS**

3

*Rings of Power*.  [FAC ¶ 30] Defendants were not authorized to use any character, storyline, or element from The Work.  [FAC ¶ 43]. The Amazon Defendants distributed *Rings of Power,* which continues to be available on Amazon Prime despite the Tolkien Defendants' knowledge of Plaintiff's copyright.  [FAC ¶¶ 59, 63, 66].

### III.  ARGUMENT

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests*," Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007).

To claim direct copyright infringement Plaintiff must allege facts showing 1) ownership of a valid copyright and 2) copying of constituent elements of the work that are original.  *FragranceNet.com, Inc. v. FragranceX.com, Inc.,* 679 F. Supp. 2d 312, 318 (E.D.N.Y. 2010).  A certificate of registration shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. 17 U.S. Code § 410.

To claim contributory infringement Plaintiff must allege a direct infringer infringed Plaintiff's copyrights in a work and the contributory infringer contributorily infringed Plaintiff's copyright by showing: 1) the defendant knew or had reason to know of the infringing activity of the direct infringer and 2) the defendant intentionally induced or materially contributed to direct infringer's infringing activity.  *A&M Recs., Inc. v. Napster, Inc*., 239 F.3d 1004, 1019 (9th Cir. 2001).  Courts have ruled that personal conduct that encourages or assists the infringement is a material contribution for material infringement. *A&M Recs., Inc. v. Napster, Inc*., 239 F.3d 1004, 1019 (9th Cir. 2001), as amended (Apr. 3, 2001), aff'd sub nom. *A&M Recs., Inc. v. Napster, Inc.,* 284 F.3d 1091 (9th Cir. 2002), and aff'd sub nom. *A&M Recs., Inc. v. Napster, Inc*., 284 F.3d 1091 (9th Cir. 2002).

Vicarious infringement occurs when one profits from direct infringement while declining to exercise a right to stop or limit it.  *Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1071 (9th Cir. 2013). Vicarious liability attaches if the Carriers had both

**PLAINTIFF'S OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS**

the (1) "right and ability to supervise the infringing activity" and (2) "a direct financial interest" in the activity. *Id.*

**A.    PLAINTIFF HAS SUFFICIENTLY PLEADED THE ALLEGATIONS IN THE FAC.**

Federal law requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). Plaintiff must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly, supra,* 550 U.S. at 1964. Here, Plaintiff has specifically claimed contributory infringement and vicarious infringement. Further, Plaintiff has laid out the facts upon which each claim rests.

**B.    DIRECT INFRINGEMENT HAS BEEN SUFFICIENTLY PLEADED BY PLAINTIFF**

To claim direct copyright infringement Plaintiff must allege facts showing 1) ownership of a valid copyright and 2) copying of constituent elements of the work that are original. *FragranceNet.com, Inc.* 679 F. Supp. 2d at 318. Plaintiff has had a valid registered copyright of The Work since November 21, 2017. [FAC ¶ 22]. Due to the rarity of direct evidence, a Plaintiff may raise an inference of use by "showing the defendant[ ] had access to [the plaintiff's] ideas and the defendant['s] work is substantially similar to the plaintiff['s] ideas." *Esplanade Prods., Inc. v. Walt Disney Co.*, No. B315859, 2023 WL 4614822, at *8 (Cal. Ct. App. July 19, 2023). To establish access sufficient to raise an inference of use, Plaintiff must show Defendant "had an opportunity to view or to copy" Plaintiff's work. *Id*. Defendants had access to Plaintiff's work. [FAC ¶ 29].

**i.    PLAINTIFF HAS A VALID COPYRIGHT**

Plaintiff has had a valid registered copyright of The Work since November 21, 2017. [FAC ¶ 22]. The manuscript submitted by Plaintiff to the copyright office and to Defendant Simon Tolkien and the book published contain the same elements, and any differences between the two are merely editorial. Edits such as correcting spelling,

punctuation, and grammar, or making other minor changes, revisions, or other modifications to a preexisting work do not render the edited work a derivative work for which new copyright registration is required. *Compendium of U.S Copyright Office Practices*: 3rd ed section 709.4. Even adopting Defendants' argument that some of the elements in The Work are not protected (which we do not), the elements there are still numerous original elements Defendants infringed upon in ROP.

## ii. *THE FELLOWSHIP OF THE KING* IS A WHOLLY ORIGINAL WORK

Plaintiff does not intend for or represent that The Work is a sequel. Defendants' claim that Plaintiff alleges *The Fellowship of the King* is a "sequel" to Tolkien's The Lord of the Rings misstates the Complaint. [MTD pg. 9, line 4-6]. As referenced, the paragraph in the Complaint states that Plaintiff wanted to collaborate with Tolkien regarding the work *as* a sequel. [FAC ¶ 27] The Work can stand independently even if the reader has no prior knowledge of *The Lord of the Rings.*

Defendants claim that The Work is an unauthorized derivative of *The Lord of the Rings* and, therefore, not protected by copyright is flawed. Defendants rely heavily on their assertion that The Work is a sequel to *The Lord of the Rings* and is factually consistent with *Anderson v. Stallone. Anderson v. Stallone*, No. 87-0592 WDKGX, 1989 WL 206431, at *1 (C.D. Cal. Apr. 25, 1989). However, the facts here are completely distinguishable. In *Anderson*, Plaintiff used a storyline suggested by Stallone himself on numerous occasions and relied on the exact same characters, completely unchanged. *Id.* The Plaintiff in *Anderson* also failed to create new characters or modify the characters at all. *Id* at 8. Further, the Court in *Anderson* makes clear that the Rocky movies are based upon the relationship of the characters over time and are not full of complexity, which is entirely different from The Work, which not only takes characters and changes them but adds new characters with new names, backgrounds, plots, and even races. *Id.* Thus, unlike *Anderson*, our client created his own unique storyline without suggestion from any

///

**PLAINTIFF'S OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS**

6

Defendant and created original unique characters so that the original elements pervade The Work, not elements from J.R.R Tolkien's Lord of the Rings.

### iii.   DEFENDANTS HAD ACCESS TO PLAINTIFF'S WORK

Plaintiff has sufficiently pleaded Defendants' access to The Work.  Plaintiff hand-delivered a copy of his work to Defendant Simon Tolkien.   [FAC ¶ 28-29].  Defendant Simon Tolkien returned the manuscript weeks later following Plaintiff's request. *Id*. Defendant Simon Tolkien controls both The Tolkien Estate Limited and The Tolkien Trust.  [FAC ¶ 25].  The Tolkien Defendants sold rights to and developed a series with Amazon that subsequently incorporates The Work.  [FAC ¶ 29].  Plaintiff has pleaded nothing short of connecting the dots from The Work to Amazon through the Tolkien Defendants.  All three Tolkien Defendants had direct access to Plaintiff's work for weeks to read, duplicate and share with whomever they pleased, and most definitely, Amazon amid its production of the ROP.  Direct evidence is indeed rare, but this evidence clearly draws the line to access.

### C.   CONTRIBUTORY INFRINGEMENT HAS BEEN SUFFICIENTLY PLEADED BY PLAINTIFF

To claim contributory infringement Plaintiff must allege a direct infringer infringed plaintiff's copyrights in a work and the contributory infringer contributorily infringed plaintiff's copyright by showing: 1) the defendant knew or had reason to know of the infringing activity of the direct infringer and 2) the defendant intentionally induced or materially contributed to direct infringer's infringing activity.  *A&M Recs., Inc. v. Napster, Inc*., 239 F.3d 1004, 1019 (9th Cir. 2001).  Plaintiff has made this claim against Defendants Simon Tolkien, The Tolkien Estate Limited, and The Tolkien Trust. [See FAC].

### i.   AMAZON DEFENDANTS KNEW OR HAD REASON TO KNOW OF THE INFRINGING ACTIVITY.

Knowledge can be actual or constructive. *Napster, Inc*., 239 F.3d at 1019.  As outlined above, Plaintiff has properly alleged Amazon Defendants had sufficient access

through Simon Tolkien. The manuscript itself showed Plaintiff's copyrights. [FAC ¶ 28].

### ii. AMAZON DEFENDANTS MATERIALLY CONTRIBUTED TO INFRINGEMENT

In *A&M*, A&M Records sued Napster for contributory copyright infringement, among other causes of action. *Napster, Inc*., at 239 F.3d at 1019. Acts such as failure to remove copyrighted material is a material contribution to infringement if the defendant had sufficient knowledge. *Id*. Knowledge can be actual or constructive. *Id*. Napster's failure to remove the material and thereby stop an infringing copy from being distributed worldwide constituted substantial participation in distribution of copyrighted material. *Id*.

Similarly, in *Dish Network L.L.C. v. Jadoo TV, Inc.,* Dish notified Jaboo of infringing content on eMedia in 2016 and Jadoo did nothing to limit it. *Dish Network L.L.C. v. Jadoo TV, Inc.*, No. 20-CV-01891-CRB, 2023 WL 4004115, at *14 (N.D. Cal. June 13, 2023). When Dish filed a lawsuit in November 2018, Jadoo still waited until August 2019 to remove eMedia. *Id*. The court ruled in favor of Dish, stating that because Jaboo did nothing for over two and a half years to "diminish the infringing activity," it induced infringement. *Id*.

In the present case, all Amazon Defendants failed to remove or provide direct removal of the infringing series *Rings of Power* and therefore, are liable for contributory infringement. The FAC makes clear that all Amazon Defendants are liable for Contributory Infringement as it is not only under the heading but in the body of the paragraph. Defendants assert the two Amazon companies are not mentioned, however, they are mentioned twice under the heading of contributory infringement. The Amazon Defendants distributed *Rings of Power,* which continues to be available on Amazon Prime despite the Tolkien Defendants' knowledge of Plaintiff's copyrights. [FAC ¶ 59, 63, 66].

### D. VICARIOUS COPYRIGHT INFRINGEMENT IS SUFFICIENTLY PLEADED

Vicarious infringement occurs when one profits from direct infringement while

**PLAINTIFF'S OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS**

declining to exercise a right to stop or limit it. *Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1071 (9th Cir. 2013). Vicarious liability attaches if the Carriers had both the (1) "right and ability to supervise the infringing activity" and (2) "a direct financial interest" in the activity. *Id.*

### i.   AMAZON DEFENDANTS PROFITED FROM RINGS OF POWER

Defendant Bezos has publicly stated *Rings of Power* has made substantial profits. https://www.syfy.com/syfy-wire/jeff-bezos-says-the-rings-of-power-goes-beyond-making-money.

### ii.   AMAZON DEFENDANTS DECLINED TO STOP INFRINGING ACTIVITY

Plaintiff has pleaded that the Amazon Defendants distributed *Rings of Power,* which continues to be available on Amazon Prime despite the Tolkien Defendants' knowledge of Plaintiff's copyrights. [FAC ¶¶ 59, 63, 66]. To date, the series continues to be available publicly.

### E.   UNREGISTRABLE ELEMENTS AND ALLEGED TOLKIEN ELEMENTS

Federal Rule of Civil Procedure 12(f) permits courts to strike certain material "from a pleading." The rules define a pleading as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). A pleading does not include a motion to dismiss or briefs filed in support thereof. *Id.*

Thus, a motion to strike is not an available remedy for improper factual assertions made in a motion to dismiss. *Horton v. HSBC Bank,* 2013 WL 2452273 at *9 (N.D. Ga. 2013); *see also Polite v. Dougherty Cty. Sch. Sys.*, 314 Fed. App'x 180, 184 n.7 (11th Cir. 2008). However, such a motion is unnecessary because a court, on a motion to dismiss, must accept the allegation as true and cannot consider the extraneous evidence. *Poer v.*

---

**PLAINTIFF'S OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS**

1  *Jefferson Cnty. Comm'n, No.* 2:19-CV-1361-AKK, 2020 WL 1987272, at *3 (N.D. Ala.
2  Apr. 27, 2020).

3  While the Court may use the extrinsic test to determine the extent of similarity
4  between two works at issue, a determination of whether a work is a derivative is a
5  question of fact and is inappropriate for determination on a motion to dismiss.
6  *FragranceNet.com, Inc.* 679 F. Supp. 2d at 323. "The court's function on a Rule 12(b)(6)
7  motion is not to weigh the evidence that might be presented at a trial but merely to
8  determine whether the complaint itself is legally sufficient." *Id* at 324.

9  Although the court can rule on whether two works are substantially similar using
10  the extrinsic test in a motion to dismiss, it is too early in the present case to rule on this
11  issue. *Alfred v. Walt Disney Company* (9th Cir. 2020) 821 Fed.Appx. 727, 729.  Even
12  with 'striking differences" between two works, a party can survive a motion to dismiss if
13  the similarities are more than di minimus.  *Alfred v. Walt Disney Company* at 729.
14  Further, at this stage of the litigation, it is too early to determine which elements are
15  unprotectable material. *See Id.*

16  In *Alfred v Walt Disney Company*, Plaintiff Alfred brought an action for copyright
17  infringement against Walt Disney Company claiming *The Pirates of the Caribbean:*
18  *Curse of the Black Pearl*, infringed on a screenplay written by Plaintiff. *Walt Disney*
19  *Company* at 729.  Disney filed a motion to dismiss, arguing the two works were not
20  substantially similar.  *Id.*. The film and the screenplay included battles at gunpoint,
21  treasure stories, jewel-filled caves, mutiny, skeleton pirate crews, and a young rogue
22  pirate. *Alfred, supra,* 821 Fed.Appx. at 729.  The district court ruled in favor of Disney
23  and dismissed the action largely because the court concluded these elements were
24  unprotectable, generic pirate tropes. *Id* at 730.  Alfred appealed to the Ninth Circuit. The
25  Ninth Circuit reversed the decision reasoning, "at this stage of the litigation, it is difficult
26  to know whether such elements are indeed unprotectible material." *Id.* The Ninth Circuit
27  went on to say "[T]here are striking differences between the two works, as well—but the
28  selection and arrangement of the similarities between them is more than de minimis." *Id.*

**PLAINTIFF'S OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS**

In the present case, Defendants claim many of the similarities raised by Plaintiff are scenes a faire. Specifically, Defendants point to healing potions, three evil women, women riding horses, and the blindfolded queen as scenes a faire. However, based on the Ninth Circuit ruling, which stated it was too early to determine whether elements like treasure stories were unprotectable, generic pirate tropes, here it is similarly too early to determine these items which Defendants claim are scene a faire are in fantasy tales. Expert assistance would aid in the determination of these issues.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff requests the Court deny the Amazon Defendants' Motion to Dismiss and for all other just and proper relief. In the alternative, if the Court is inclined to grant the Motion to Dismiss, Plaintiff requests leave to amend his complaint  to add facts to meet any deficiencies.

Dated: August 7, 2023                     Respectfully submitted,

Katie Charleston Law, PC


By:  /s/ *Katie Charleston*_____
Katie Charleston, Esq.
Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the Plaintiff, certifies that this brief contains 3,171 words, which complies with the word limit of L.R. 11-6.1.

/s/ *Katie Charleston*_____
Katie Charleston, Esq.

**PLAINTIFF'S OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS**