1
2
3
4
5

Katie M. Charleston (SBN 252422)
Katie Charleston Law, PC
9151 Atlanta Avenue, No. 6427
Huntington Beach, CA  92615
PH: 317-663-9190
Fax: 317-279-6258
Email: katie@katiecharlestonlaw.com

6

Attorney for Plaintiff, Demetrious Polychron

7

8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

## WESTERN DIVISION

11

DEMETRIOUS POLYCHRON

12

Plaintiff,

13

14

vs.

15

JEFF BEZOS, et al.,

16

Defendants.

17

18

19

Case No.: 2:23-cv-02831-SVW-E

**PLAINTIFF'S OPPOSITION TO TOLKIEN DEFENDANTS' MOTION TO DISMISS**

Hearing Date: August 28, 2023
Hearing Time: 1:30pm
Complaint filed: April 4, 2023
Amended Complaint Filed: July 13, 2023

20
21
22
23
24
25
26
27
28

**PLAINTIFF'S OPPOSITION TO TOLKIEN DEFENDANTS' MOTION TO DISMISS**

1

**TABLE OF CONTENTS**

2

I.      INTRODUCTION .........................................................................................2

3

II.     FACTS.........................................................................................................3

4

III.    ARGUMENT ..............................................................................................4

5

A.      PLAINTIFF HAS A VALID COPYRIGHT...........................................4

6

B.      FELLOWSHIP OF THE KING IS A WHOLLY ORIGINAL WORK..5

7

C.      PLAINTIFF'S CLAIMS ARE WELL-PLEADED ...............................6

8

i.  i.DEFENDANTS HAD ACCESS TO PLAINTIFF'S WORK .............6

9

D.      DEFENDANTS HAVE RAISED INAPPROPRIATE ISSUES AND
        PRESENTED IMPROPER EVIDENCE FOR A MOTION TO
        DISMISS. ......................................................................................6

V.      CONCLUSION .......................................................................................8

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**

**Cases**

*Alfred v. Walt Disney Company* (9th Cir. 2020) 821 Fed.Appx. 727, 729 .................7,8

*Anderson v. Stallone.  Anderson v. Stallone*, No. 87-0592 WDKGX, 1989 WL 206431, at *1 (C.D. Cal. Apr. 25, 1989) ...................................................................................5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)...................................................................................................................4

*Esplanade Prods., Inc. v. Walt Disney Co.*, No. B315859, 2023 WL 4614822, at *8 (Cal. Ct. App. July 19, 2023).  ............................................................................6

*FragranceNet.com, Inc. v. FragranceX.com, Inc.,* 679 F. Supp. 2d 312, 318, 323 (E.D.N.Y. 2010)......................................................................................4, 7

*Horton v. HSBC Bank,* 2013 WL 2452273 at *9 (N.D. Ga. 2013)  .............................7

*Poer* v. Jefferson Cnty. Comm'n, No. 2:19-CV-1361-AKK, 2020 WL 1987272, at *3 (N.D. Ala. Apr. 27, 2020)............................................................................7

*Polite v. Dougherty Cty. Sch. Sys.*, 314 Fed. App'x 180, 184 n.7 (11th Cir. 2008).  ....7

**Statutes**

17 U.S. Code § 410 ....................................................................................................4

**Other Authorities**

*Compendium of U.S Copyright Office Practices*: 3rd ed section 709.4. ........................4

**Rules**

Federal Rule of Civil Procedure 7 ...............................................................................7

Federal Rule of Civil Procedure 8 ...............................................................................4

Federal Rule of Civil Procedure 12 .............................................................................6

1        Plaintiff, Demetrious Polychron, by counsel, submits his opposition to the Motion

2   to Dismiss filed by The Tolkien Estate Limited, The Tolkien Trust and Simon Tolkien

3   (the "Tolkien Defendants").

4        Dated: August 7, 2023                   Respectfully submitted,

5                                           Katie Charleston Law, PC

6

7                               By:     /s/ *Katie Charleston*

8                                         Katie Charleston, Esq.
                                      Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S OPPOSITION TO TOLKIEN DEFENDANTS' MOTION TO DISMISS**

1

## I.     INTRODUCTION

This case was prompted by Defendants illegally, and without authorization, incorporating Plaintiff's literary work into an Amazon Prime series titled "The Lord of the Rings: The Rings of Power ("ROP")." In the center of this case is an independent author who wrote an original work of authorship, "The Fellowship of the King." There is no dispute that Plaintiff, like so many other artists, was inspired by the fantasy series, *The Lord of The Rings*, by J.R.R Tolkien.  J.R.R.  Tolkien is known to many as the Father of Fantasy because of his influence and inspiration in modern fantasy.  Many of these works, such as Game of Thrones and Star Wars, have enjoyed success and undisputed copyright protection despite their source of inspiration.  Though not yet as successful as George R. Martin or George Lucas, Plaintiff is entitled to the same copyright protection as any other fantasy artist inspired by J.R.R Tolkien's works.  J.R.R. Tolkien himself was inspired by and took concepts and characters from his predecessors in the literary world, like George McDonald, Elias Lonnrot, and Greek and Nordic Mythology.  Though his concepts and characters were borrowed from others, J.R.R Tolkien used them to create an original work, garnering him a valid copyright, and so has Defendant here.

Plaintiff presents as an easy target for giants such as Amazon and the Tolkien Estate to infringe upon.  Amazon's series, *Rings of Power*, is substantially similar to the wholly original elements in Plaintiff's work.  Characters, plot points, and themes were lifted directly from Plaintiff's work.  Every Defendant had actual and constructive knowledge of Plaintiff's copyrights.  However, it was the Tolkien Defendants who provided Amazon with the infringing elements to produce *Rings of Power*, which was widely distributed on Amazon platforms.  This egregious and unlawful infringement has continued despite notice to Defendants.

The instant motion brought by these Defendants is wholly inappropriate and improper as the Defendants have unlawfully presented evidence beyond the face of the Complaint or as would be required for the Court to engage in the extrinsic test analysis, with the knowledge that Plaintiff has met his minimal notice pleading requirements, and

have demonstrated that the two works at issue are substantially similar. The Defendants have essentially brought a motion for summary judgment before any discovery has been conducted to preclude Plaintiff from fairly litigating this matter. However, since Plaintiff has met his minimal pleading burden, the motion must be denied, and the Defendants must answer the Complaint.

## II.   FACTS

Plaintiff, using his own skill, labor, and judgment, created an original work, The Fellowship of the King (The Work).   [First Amended Complaint ("FAC") ¶ 21]. Although inspired by Tolkien's works, The Work is a wholly original work, including separate and distinct characters and storylines. [FAC ¶ 30]. On November 21, 2017, Plaintiff secured the exclusive rights and privileges in and to the book of authorship, receiving from the Register of Copyrights a certificate of registration dated and identified as, The Fellowship of the King, TXu2-076-068. [FAC ¶ 22].

Defendant Simon Tolkien controls both The Tolkien Estate Limited and The Tolkien Trust. [FAC ¶ 25]. On November 21, 2017, after obtaining the copyright, Plaintiff contacted the Tolkien Estate seeking a review of The Work and a collaboration based on The Work. [FAC ¶ 26]. Receiving no response, on November 7, 2019, Plaintiff retained counsel to contact Defendant Simon Tolkien regarding collaboration, and Simon Tolkien, through counsel, refused. [FAC ¶ 27]. On December 24, 2019, Plaintiff *delivered* a copy of The Work to Defendant Simon Tolkien. [FAC ¶¶ 28-29]. The copy showed The Work was copyrighted. *Id.* On January 14, 2019, and after receiving no response, Plaintiff requested Defendant Simon Tolkien return the copy and Simon Tolkien obliged. *Id.*

However, before sending the copy back to Plaintiff, Defendant Simon Tolkien reviewed or copied the manuscript and presented or conveyed either The Work in its entirety or substantial elements of The Work to the Amazon Defendants when collaborating to create the series *Rings of Power.* [FAC  31]. The original characters, storylines, and elements in The Work compose as much as one-half of the 8-part series,

*Rings of Power*.  [FAC ¶ 30].  Defendants were not authorized to use any character, storyline, or element from The Work.  [FAC ¶ 43].  The Amazon Defendants distributed *Rings of Power,* which remains available on Amazon Prime despite the Tolkien Defendants' knowledge of Plaintiff's copyright.  [FAC ¶¶ 59, 63, 66].

## III.   ARGUMENT

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007).

To state a claim for direct infringement, Plaintiff must allege facts showing 1) ownership of a valid copyright and 2) copying of constituent elements of the work that are original.  *FragranceNet.com, Inc. v. FragranceX.com, Inc.,* 679 F. Supp. 2d 312, 318 (E.D.N.Y. 2010).  A certificate of registration shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.  17 U.S. Code § 410.

## A.   PLAINTIFF HAS A VALID COPYRIGHT

Plaintiff has had a valid registered copyright of The Work since November 21, 2017. [FAC ¶ 22].  The manuscript submitted by Plaintiff to the copyright office and to Defendant, Simon Tolkien, and the book published contain the same elements, and any differences between the two are merely editorial.  Edits such as correcting spelling, punctuation, and grammar or making other minor changes, revisions, or other modifications to a preexisting work do not render the edited work a derivative work for which new copyright registration is required.  *Compendium of U.S Copyright Office Practice*s: 3rd ed section 709.4. Plaintiff has provided a detailed list of substantial similarities between *Rings of Power* and The Work such that Defendants do not have to parse through Plaintiff's claims.  Even if we were to adopt Defendants' argument that some elements of The Work are not protected under Plaintiff's copyright (and we do not), there are still numerous and substantial original elements that Defendants did infringe upon in ROP.

**PLAINTIFF'S OPPOSITION TO TOLKIEN DEFENDANTS' MOTION TO DISMISS**

## B.    FELLOWSHIP OF THE KING IS A WHOLLY ORIGINAL WORK

Plaintiff does not intend for or represent that The Work is a sequel.  Defendants' claim that Plaintiff alleges *The Fellowship of the King* is a "sequel" to Tolkien's *The Lord of the Rings* misstates the Complaint.  [MTD pg. 6, line 11].  As referenced, the paragraph in the Complaint states that Plaintiff wanted to collaborate with Tolkien regarding the work *as* a sequel.  [FAC ¶ 27]. The Work can stand independently even if the reader has no prior knowledge of *The Lord of the Rings.*

Defendants claim that The Work is an unauthorized derivative of *The Lord of the Rings* and, therefore, not protected by copyright is flawed.  Defendants rely heavily on their assertion that The Work is a sequel to *The Lord of the Rings* and is factually consistent with *Anderson v. Stallone*. *Anderson v. Stallone*, No. 87-0592 WDKGX, 1989 WL 206431, at *1 (C.D. Cal. Apr. 25, 1989).  However, the facts here are completely distinguishable.  In *Anderson*, Plaintiff used a storyline suggested by Stallone himself on numerous occasions and relied on the exact same characters, completely unchanged.  *Id.* The Plaintiff in *Anderson* also failed to create new characters or modify the characters at all. *Id* at 8.  Further, the Court in *Anderson* makes clear that the Rocky movies are based upon the relationship of the characters over time and are not full of complexity, which is entirely different from The Work, which not only takes characters and changes them but adds new characters with new names, backgrounds, plots, and even races.  *Id.*  Thus, unlike *Anderson*, our client created his own unique storyline without suggestion from any Defendant and created original unique characters so that the original elements pervade The Work, not elements from J.R.R Tolkien's *The Lord of the Rings*.

Defendants' allegation that Plaintiff uses settings, characters, and plot lines from *The Lord of the Rings* while giving minimal background and assuming readers will already know the characters from Tolkien's work is similarly flawed.  This argument relies solely on the geography of the opening scene in The Work and the ending point in Tolkien's work.  However, The Work does not begin at the "precise moment" *The Lord of the Rings* ended as it does not begin in the same time period.  Such an argument is

**PLAINTIFF'S OPPOSITION TO TOLKIEN DEFENDANTS' MOTION TO DISMISS**

5

illusory and a stretch of the facts to make an ill-made point.  It would stifle the literary industry as we know it if works set in the future were found to be continuations of novels set in the present day or before simply because they share the exact geographical location.

## C.   PLAINTIFF'S CLAIMS ARE WELL-PLEADED

Due to the rarity of direct evidence, a Plaintiff may raise an inference of use by "showing the defendant[ ] had access to [the plaintiff's] ideas and the defendant['s] work is substantially similar to the plaintiff['s] ideas." *Esplanade Prods., Inc. v. Walt Disney Co.*, No. B315859, 2023 WL 4614822, at *8 (Cal. Ct. App. July 19, 2023).  To establish access sufficient to raise an inference of use, Plaintiff must show Defendant "had an opportunity to view or to copy" Plaintiff's work.  *Id.*

### i.   DEFENDANTS HAD ACCESS TO PLAINTIFF'S WORK

Plaintiff has sufficiently pleaded Defendants' access to The Work.  Plaintiff hand-delivered a copy of his work to Defendant Simon Tolkien.  [FAC ¶¶ 28-29].  Defendant Simon Tolkien returned the manuscript weeks after Plaintiff's request. *Id.* Defendant Simon Tolkien controls both The Tolkien Estate Limited and The Tolkien Trust.  [FAC ¶ 25]. The Tolkien Defendants sold rights to and developed a series with Amazon that subsequently incorporates The Work.  [FAC ¶ 29].  Plaintiff has pleaded nothing short of connecting the dots from The Work to Amazon through the Tolkien Defendants.  All three Tolkien Defendants had *direct* access to Plaintiff's work for weeks to read, duplicate and share with whomever they pleased, and most definitely, Amazon amid its production of its ROP series.  Direct evidence is indeed rare, but this evidence clearly draws the line to access.

## D.   DEFENDANTS HAVE RAISED INAPPROPRIATE ISSUES AND PRESENTED IMPROPER EVIDENCE FOR A MOTION TO DISMISS.

Federal Rule of Civil Procedure 12(f) permits courts to strike certain material "from a pleading." The rules define a pleading as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and

(7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a).  A pleading does not include a motion to dismiss or briefs filed in support thereof. *Id.*

Thus, a motion to strike is not an available remedy for improper factual assertions made in a motion to dismiss. *Horton v. HSBC Bank,* 2013 WL 2452273 at *9 (N.D. Ga. 2013); *See also Polite v. Dougherty Cty. Sch. Sys*., 314 Fed. App'x 180, 184 n.7 (11th Cir. 2008).  However, such a motion is unnecessary because a court, on a motion to dismiss, must accept the allegation as true and cannot consider the extraneous evidence.  *Poer v. Jefferson Cnty. Comm'n, No.* 2:19-CV-1361-AKK, 2020 WL 1987272, at *3 (N.D. Ala. Apr. 27, 2020).

While the Court may use the extrinsic test to determine the extent of similarity between two works, a determination of whether a work is a derivative is a question of fact and is inappropriate for determination on a motion to dismiss.  *FragranceNet.com, Inc*. at 323. "The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Id* at 324.

Although the court can rule on whether two works are substantially similar using the extrinsic evidence test on a motion to dismiss, it is too early in the present case to rule on this issue.  *Alfred v. Walt Disney Company* (9th Cir. 2020) 821 Fed.Appx. 727, 729. Even with 'striking differences" between two works, a party can survive a motion to dismiss if the similarities are more than di minimus.  *Walt Disney Company* at 729. Further, at this stage of the litigation, it is too early to determine which elements are unprotectable material. *See Id*.

In *Alfred v Walt Disney Company*, Plaintiff Alfred brought an action for copyright infringement against Walt Disney Company claiming The Pirates of the Caribbean: Curse of the Black Pearl, infringed on a screenplay written by Plaintiff.  *Alfred v. Walt Disney Company* (9th Cir. 2020) 821 Fed.Appx. 727, 729.  Disney filed a motion to dismiss, arguing that the two works were not substantially similar. *Id.*  The film and the screenplay included battles at gunpoint, treasure stories, jewel-filled caves, mutiny, skeleton pirate

crews, and a young rogue pirate.  *Id*.  The district court ruled in favor of Disney and dismissed the action largely because the court concluded these elements were unprotectable, generic pirate tropes.  *Id* at 730.  Alfred appealed to the Ninth Circuit.  The Ninth Circuit reversed the decision reasoning, "at this stage of the litigation, it is difficult to know whether such elements are indeed unprotectible material."  The Ninth Circuit went on to say "[T]here are striking differences between the two works, as well—but the selection and arrangement of the similarities between them is more than de minimis." Id.

Here, the Defendants attempt to muddy the motion by putting before the court the issue of whether Plaintiff's work has a valid copyright or is an unauthorized derivative along with substantial extraneous facts beyond the Complaint or the works at issue in this case.  Such analysis is improper at this stage of the case.  Therefore, it would be improper for the court to consider the *LOTR* evidence and extraneous facts as, at this stage, the Court is to accept the allegations as true in the complaint unless contradicted by the two works themselves.  *Id*.  Thus, all facts and evidence beyond the complaint and the two works at issue that have been supplied to the court in support of the Tolkien Defendants' Motion to Dismiss must be disregarded.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff requests the Court deny the Tolkien Defendants' Motion to Dismiss and for all other just and proper relief.  In the alternative, if the Court is inclined to grant the Motion to Dismiss, Plaintiff requests leave to further amend his complaint to meet any deficiencies found by the Court.

Dated: August 7, 2023                              Respectfully submitted,

Katie Charleston Law, PC


By:    /s/ *Katie Charleston*
Katie Charleston, Esq.
Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the Plaintiff, certifies that this brief contains 2,433 words, which complies with the word limit of L.R. 11-6.1.

/s/ *Katie Charleston*
Katie Charleston, Esq.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF'S OPPOSITION TO TOLKIEN DEFENDANTS' MOTION TO DISMISS**