NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
AMANDA LEVINE (*pro hac vice*)
  amandalevine@dwt.com
SAMUEL A. TURNER (State Bar No. 338089)
  samturner@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Amazon Defendants

LACY H. ("Lance") KOONCE, III (*pro hac vice*)
  lance.koonce@klarislaw.com
GILI KAREV (State Bar No. 348774)
  gili.karev@klarislaw.com
KLARIS LAW
29 Little West 12 St.
New York, New York 10014
Telephone: (917) 612-5861

Attorneys for Tolkien Defendants

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIOUS POLYCHRON, an individual<br><br>Plaintiff,<br><br>vs.<br><br>JEFF BEZOS, an individual, JENNIFER SALKE, an individual, SIMON TOLKIEN, an individual, PATRICK MCKAY, an individual, JOHN D. PAYNE, an individual, AMAZON STUDIOS LLC, a California Limited Liability Company, AMAZON CONTENT SERVICES LLC, a Delaware Limited Liability Company, THE TOLKIEN ESTATE, THE TOLKIEN ESTATE LIMITED, THE TOLKIEN TRUST, and DOES 1-100<br><br>Defendants. | Case No. 2:23-cv-02831-SVW (Ex)<br><br>**NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES BY DEFENDANTS AMAZON STUDIOS LLC, AMAZON CONTENT SERVICES LLC, THE TOLKIEN ESTATE LIMITED, THE TOLKIEN TRUST, AND SIMON TOLKIEN**<br><br>Date:      October 16, 2023<br>Time:     1:30 p.m.<br>Dept.:    Courtroom 10A |

## <u>NOTICE OF MOTION</u>

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 16, 2023, at 1:30 p.m. or as soon as may be heard in Courtroom 10A of the United States District Court for the Central District of California, First Street Courthouse, 350 West First Street, Los Angeles, California 90012, defendants Amazon Studios LLC and Amazon Content Services LLC (the "Amazon Defendants"), and the Tolkien Estate Limited, the Tolkien Trust, and Simon Tolkien (the "Tolkien Defendants") (collectively, "Defendants"), will and hereby do move this Court for an order awarding the Amazon Defendants $74,150 and the Tolkien Defendants $78,865 in attorneys' fees in connection with their successful motions to dismiss the copyright claims brought by plaintiff Demetrious Polychron ("Plaintiff").

This motion is made pursuant to 17 U.S.C. § 505, which provides that the Court may award reasonable attorneys' fees to a prevailing copyright defendant. All of the factors courts consider in evaluating copyright fee awards support Defendants' request: (a) Defendants prevailed completely on the copyright claims; (b) Plaintiff's copyright claims were objectively unreasonable; (c) certain of Plaintiff's litigation decisions were not made for legitimate purposes under copyright law; and (d) a fee award would further the Copyright Act's goals and deter meritless litigation. Moreover, the amount of Defendants' fee request is reasonable, both in terms of defense counsel's rates and the hours expended.

This motion is based on the notice of motion, the memorandum of points and authorities, the declarations of Amanda Levine ("Levine Decl.") and Lance Koonce ("Koonce Decl.") with exhibits, and all other matters of which this Court may take judicial notice, the pleadings, files and records in this action, and on any argument heard by this Court.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on September 1, 2023.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DATED: September 8, 2023

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
AMANDA LEVINE
SAMUEL A. TURNER

By:     /s/ Nicolas A. Jampol
               Nicolas A. Jampol

Attorneys for the
Amazon Defendants

KLARIS LAW
LACY H. KOONCE, III
GILI KAREV

By:     /s/ Lacy H. Koonce, III
               Lacy H. Koonce, III

Attorneys for the
Tolkien Defendants

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION .................................................................. 1

II.  PROCEDURAL BACKGROUND .............................................. 2

III.  DEFENDANTS ARE ENTITLED TO RECOVER THEIR FEES UNDER THE COPYRIGHT ACT ................................................ 6

    A.  Defendants Achieved Complete Success in This Litigation ............... 7

    B.  Plaintiff's Claims Were Objectively Unreasonable ........................... 7

    C.  Certain of Plaintiff's Litigation Decisions Lacked a Proper Motive ................................................................................... 8

    D.  A Fee Award Is Appropriate to Advance the Copyright Act's Goals of Compensation and Deterring Meritless Litigation ............. 10

IV.  DEFENDANTS' REQUESTED FEES ARE REASONABLE ................. 11

    A.  Defendants' Counsel's Billing Rates Are Reasonable ...................... 12

    B.  The Hours Expended By Defendants' Counsel Are Reasonable. ...... 15

V.  CONCLUSION ................................................................. 16

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

MOTION FOR ATTORNEYS' FEES

# <u>TABLE OF AUTHORITIES</u>

**<u>Page</u>**

**CASES**

*Anderson v. Stallone*,
    1989 WL 206431 (C.D. Cal. Apr. 25, 1989) .................................................. 3, 9

*Baker v. Urban Outfitters*,
    431 F. Supp. 2d 351 (S.D.N.Y. 2006) .................................................. 10

*Bernal v. Paradigm Talent & Literary Agency*,
    2010 WL 6397561 (C.D. Cal. June 1, 2010) .................................................. 11

*Bridgeport Music v. WB Music*,
    520 F.3d 588 (6th Cir. 2008) .................................................. 8

*City of Inglewood v. Teixeira*,
    2015 WL 6146269 (C.D. Cal. Oct. 8, 2015) .................................................. 12

*DuckHole v. NBCUniversal Media*,
    2013 WL 5797204 (C.D. Cal. Oct. 25, 2013) .................................................. 7

*Elser v. I.A.M. Nat'l Pension Fund*,
    579 F. Supp. 1375 (C.D. Cal. 1984) .................................................. 12

*Fantasy v. Fogerty*,
    94 F.3d 553 (9th Cir. 1996) .................................................. 7, 8

*Fogerty v. Fantasy*,
    510 U.S. 517 (1994) .................................................. 6, 10

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) .................................................. 15

*Inhale v. Starbuzz Tobacco*,
    755 F.3d 1038 (9th Cir. 2014) .................................................. 6

*Intel Corp. v. Terabyte Int'l*,
    6 F.3d 614 (9th Cir. 1993) .................................................. 11, 12

*Jiang v. KNTV Tel. LLC*,
    2021 WL 4710717 (N.D. Cal. Oct. 8, 2021) .................................................. 14

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Kirtsaeng v. John Wiley & Sons*,
    579 U.S. 197 (2016) ..................................................................... 6, 7

*Lawrence v. Sony Pictures Entm't*,
    2011 WL 13217267 (C.D. Cal. Oct. 5, 2011)............................... 10, 12

*Maljack Prods. v. GoodTimes Home Video*,
    81 F.3d 881 (9th Cir. 1996) ................................................................6

*Marcus v. ABC Signature Studios, Inc.*,
    2017 WL 5592470 (C.D. Cal. Nov. 20, 2017)................................. 15

*Moore v. Jas. H. Matthews & Co.*,
    682 F.2d 830 (9th Cir. 1982) ........................................................ 12

*PCLM Grp. v. Drexler*,
    22 Cal. 4th 1084 (2000) ............................................................... 15

*Serrano v. Unruh*,
    32 Cal. 3d 621 (1982) .................................................................. 15

*Shame on You Prods. v. Banks*,
    2016 WL 5929245 (C.D. Cal. Aug. 15, 2016), *aff'd*, 893 F.3d 661 (9th
    Cir. 2018) ............................................................................ 7, 11, 16

*Sorenson v. Mink*,
    239 F.3d 1140 (9th Cir. 2001) ...................................................... 12

*Washington v. ViacomCBS*,
    2021 WL 6134375 (C.D. Cal. Dec. 9, 2021) .................................... 14

*Wild v. NBC Universal*,
    2011 WL 12877031 (C.D. Cal. July 18, 2011)................................. 16

*Williams v. Crichton*,
    891 F. Supp. 120 (S.D.N.Y. 1994) ....................................................7

**STATUTES**

17 U.S.C. § 505 ................................................................... 6, 7, 11, 15

**RULES**

Local Rule 7-3 .................................................................................. 2, 4

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

MOTION FOR ATTORNEYS' FEES

**CONSTITUTIONAL PROVISIONS**

United States Consitution
    First Amendment.................................................................................. 13

**OTHER AUTHORITIES**

https://www.fractalbooks.com/product/the-war-of-the-rings-book-two-the-
    two-trees/ (last visited Sept. 7, 2023) .................................................. 11

https://www.marketwatch.com/press-release/katie-charleston-law-to-
    represent-author-suing-bezos-tolkien-estate-over-lord-of-the-rings-tv-
    series-2023-05-23; https://www.digitaljournal.com/pr/news/marketers-
    media/katie-charleston-law-to-represent-author-suing-bezos-tolkien-
    estate-over-lord-of-the-rings-tv-series ...................................................4

https://www.youtube.com/watch?v=jdBxqMPbMho&t=393s .............................. 10

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

MOTION FOR ATTORNEYS' FEES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Demetrious Polychron wrote and published an unauthorized—and infringing—novel that purported to be a sequel to J.R.R. Tolkien's iconic book series, *The Lord of the Rings*.  In so doing, he blatantly appropriated a wide array of Tolkien's characters, plots, settings, and language.  Even worse, he then filed this lawsuit, in which he contended that the Amazon original series *The Lord of the Rings: Rings of Power* ("*Rings of Power*")—an *authorized* prequel to *The Lord of the Rings*—somehow infringed *his* infringing novel.

The Court recognized that Plaintiff's claims were meritless and dismissed them with prejudice before Defendants even filed their reply briefs.  In so doing, the Court held both that Plaintiff's work was an infringing derivative work that was not entitled to copyright protection *and* that the works were not "substantially similar" as a matter of law.  *See* Dkt. 47 ("Order") at 12, 14.  Defendants now seek to recover a portion of the attorneys' fees they incurred in connection with this action.  As explained below, all of the relevant factors support an award to Defendants for defeating this frivolous action.

*First*, Defendants achieved a complete victory—the Court granted their motions to dismiss Plaintiff's claims with prejudice on two independent grounds.  And they prevailed on these motions at the earliest possible juncture.  *See* Section III.A.

*Second*, Plaintiff's claims were objectively unreasonable and entirely lacked any basis in fact or law both because Plaintiff's work was not entitled to copyright protection and because his work was not substantially similar to *Rings of Power*.  *See* Section III.B.

*Third*, certain of Plaintiff's litigation decisions demonstrate improper motivations.  Plaintiff knew (or reasonably should have known) that his claims were frivolous.  Defendants made this clear to Plaintiff both in letters at the outset of this

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

litigation and during the parties' Local Rule 7-3 conference.  Instead of heeding Defendants' warnings, Plaintiff pressed ahead with an amended complaint filled with misleading and inaccurate statements, and with Plaintiff's counsel using the lawsuit to promote her firm.  *See* Section III.C.

**Fourth**, a fee award is appropriate here because it would serve to deter potential plaintiffs (and Plaintiff himself) from infringing the creative works of others and then bringing meritless lawsuits against the owners or licensees of the infringed-upon creative works.  *See* Section III.D.

**Finally**, the amount of Defendants' requested fees is reasonable in light of Defendants' counsel's background and experience, the market rates for similarly experienced attorneys, and the circumstances of this case.  Moreover, Defendants seek only a portion of the fees incurred in litigating this matter.  *See* Section IV.

## II.    PROCEDURAL BACKGROUND

On April 14, 2023, Plaintiff filed the initial complaint in this action, in which he claimed that *Rings of Power* copied from his "wholly original" novel, *The Fellowship of the King*.  He attached to his complaint a list of the alleged "similarities" between the works ("Exhibit B").  These "similarities" included characters, locations, and other elements *that were created by Tolkien*, along with generic, high-level similarities (including that both works have characters riding horses and use the word "emperor") and mischaracterizations of the works.  From these "similarities" Plaintiff alleged four claims against Defendants: (1) direct copyright infringement; (2) contributory copyright infringement; (3) vicarious copyright infringement; and (4) unfair competition.

On April 25, 2023, counsel for the Tolkien Defendants sent an email to Plaintiff's counsel concerning the complaint.  *See* Koonce Decl. ¶ 12; Ex. H.  The email expressed surprise that Plaintiff had filed this action—the Tolkien Defendants had been attempting to arrange a call with Plaintiff about his own infringing conduct, but Plaintiff claimed he could not speak because he was "floridly

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

symptomatic with the flu." *Id.* Ex. H.  Despite this purported illness, he was nonetheless apparently able to speak with a lawyer and file this lawsuit.  *Id.*  The email then explained why Plaintiff's complaint lacked merit, noting "it is well settled that unauthorized derivative works are not afforded any copyright protection, because they unlawfully infringe the exclusive rights of the original author." *Id.* The email cited to *Anderson v. Stallone*, 1989 WL 206431 (C.D. Cal. Apr. 25, 1989), a controlling case from this court, which held that the plaintiff's spec script for a fourth *Rocky* movie that built on the characters and the plot from the previous three movies was not entitled to copyright protection.  *Id.*  The email requested that Plaintiff withdraw his complaint and made clear that, if he did not, the Tolkien Defendants would be moving to dismiss and seeking their attorneys' fees under the Copyright Act. *Id.*

Two days later, on April 27, 2023, counsel for the Amazon Defendants sent a letter to Plaintiff's counsel, which reiterated the points made by the Tolkien Defendants.  *See* Levine Decl. ¶ 2; Ex. 1.  In addition to citing *Anderson* and other relevant case law, the Amazon Defendants' letter explained that the purported "similarities" included in Exhibit B were either original to Tolkien—not Plaintiff— or were unprotectable *scenes a faire*, which could not form the basis of an infringement action.  *Id.*  The Amazon Defendants warned that if Plaintiff proceeded with the action, they would also move to dismiss the case and seek attorneys' fees.  *Id.*

On May 1, 2023, Plaintiff's counsel responded to both the Tolkien Defendants and Amazon Defendants, making the audacious assertion that Plaintiff merely took "unprotectable ideas" from Tolkien's works and wrote his own "original story."  *See* Koonce Decl. ¶ 13 Ex. I; Levine Decl. ¶ 3; Ex. 2.  Several weeks later, in an attempt to garner press for her law firm, Plaintiff's counsel issued a press release that proclaimed: "Katie Charleston Law to Represent Author Suing

3

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Bezos, Tolkien Estate Over Lord of the Rings TV Series."[1]

Because Plaintiff's counsel made clear that Plaintiff would not drop his lawsuit, Defendants prepared motions to dismiss the initial complaint. On June 23, 2023, pursuant to Local Rule 7-3, Defendants' counsel held a meet-and-confer with Plaintiff's counsel prior to filing their motions to dismiss. *See* Levine Decl. ¶ 5. During this call, Defendants' counsel again detailed the numerous deficiencies in Plaintiff's complaint. *Id.* For example, when Plaintiff's counsel stated that *Rings of Power* included "five characters" with the same names as characters in Plaintiff's work, Defendants' counsel explained that all of these names came from Tolkien and were not original to Plaintiff. *Id.* Defendants' counsel also noted that the complaint was unclear about which defendants were liable for direct copyright infringement and which were liable for secondary infringement. *Id.* During the call, Plaintiff's counsel indicated that Plaintiff might amend the complaint and that she would provide Plaintiff's official position the following week. *Id.*

On June 26, 2023, after counsel for the Tolkien Defendants followed up, Plaintiff's counsel indicated that Plaintiff would, in fact, amend the complaint. *Id.* ¶ 6. Two days later, after the Amazon Defendants' counsel asked when exactly Plaintiff would be filing the amended complaint, Plaintiff's counsel indicated that the goal was to file by Monday, July 3, 2023, the day Defendants' motions were due. *Id.* At the suggestion of counsel for the Amazon Defendants, the parties entered into a stipulation extending Defendants' time to respond to the complaint. *Id.* ¶ 7; Dkt. 26.

On July 13, 2023, Plaintiff's counsel filed the first amended complaint (the "FAC"), which only further confused the issues. The FAC purported to assert

---

[1] https://www.marketwatch.com/press-release/katie-charleston-law-to-represent-author-suing-bezos-tolkien-estate-over-lord-of-the-rings-tv-series-2023-05-23; https://www.digitaljournal.com/pr/news/marketers-media/katie-charleston-law-to-represent-author-suing-bezos-tolkien-estate-over-lord-of-the-rings, Digital Journal (May 23, 2023).

MOTION FOR ATTORNEYS' FEES

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

claims for direct copyright infringement and unfair competition against the Tolkien Defendants only, *see* FAC ¶¶ 40-54, 77-81, a claim for vicarious copyright infringement against the Amazon Defendants only, *id.* ¶¶ 68-76, and claims of contributory copyright infringement against all Defendants, *id.* ¶¶ 55-67.  Yet, at times, Plaintiff appeared to allege that the Amazon Defendants were also liable for direct infringement.  *See, e.g.*, *id.* ¶ 56 ("Defendants directly infringed on Plaintiff's copyrighted work.").  In addition, the FAC still attached the same improper Exhibit B, which reflected the same misstatements and mischaracterizations of the works.  On July 18, 2023, the parties held another meet-and-confer, during which Defendants' counsel yet again encouraged Plaintiff's counsel to dismiss the case without further briefing.  *See* Levine Decl. ¶ 8.  Plaintiff's counsel refused.  *Id.*

Later that day, Amazon's counsel received from the Copyright Office a copy of the work that Plaintiff had registered.  *Id.* ¶ 9.  Upon a review of this work, they discovered that it contained notable differences from the published work that Plaintiff sued upon.  *Id.*  Importantly, many of the "similarities" listed in Exhibit B were not actually included in the registered work.  *Id.*  The following morning, Amazon's counsel emailed Plaintiff's counsel, explaining that a copyright plaintiff can only sue upon a registered work and, accordingly, the purported "similarities" that did not appear in the registered work could not support Plaintiff's infringement action.  *Id.* ¶ 9; Ex. 3.  Plaintiff's counsel did not respond to this email.  *Id.*

On July 27, 2023, Defendants filed their motions to dismiss the FAC.  *See* Dkts. 35, 42.  On August 7, 2023, Plaintiff filed his opposition briefs, falsely claiming, among other things, that he never represented that his work was a "sequel" to *Lord of the Rings*.  *See* Dkt. 44 at 6; Dkt. 45 at 5.  Plaintiff also wholly failed to address the Tolkien Defendants' arguments concerning the unfair competition claim.  *See generally* Dkt. 45.

On August 14, 2023—before Defendants even filed their replies in further support of their motions—the Court granted Defendants' motions to dismiss, and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

closed the case.  In its Order, the Court held that Plaintiff's work was "an unauthorized derivative work that is not entitled to copyright protection" and thus each claim for copyright infringement "fail[ed] as a matter of law."  Order at 12. The Court also held that Plaintiff failed to plausibly plead (and, indeed, could not plead) that *The Fellowship of the King* and *Rings of Power* were substantially similar as a matter of law.  *Id*. at 13.  Finally, the Court dismissed the unfair competition claim against the Tolkien Defendants because it was "likely preempted by the [Digital Millennium Copyright Act]" and Plaintiff waived opposition by failing to address preemption in his responsive brief.  *Id*. at 14.

On August 25, 2023, the Court entered judgment for the Defendants.  *See* Dkt. 50.  This motion for attorneys' fees follows.

## III.   DEFENDANTS ARE ENTITLED TO RECOVER THEIR FEES UNDER THE COPYRIGHT ACT

The Copyright Act grants courts broad discretion to award "full costs," including a "reasonable attorney's fee," to prevailing parties in copyright infringement actions.  17 U.S.C. § 505.  Notably, Section 505 requires treating prevailing defendants and prevailing plaintiffs alike.  *Fogerty v. Fantasy*, 510 U.S. 517, 534 & n.19 (1994) ("*Fogerty I*"); *see also Inhale v. Starbuzz Tobacco*, 755 F.3d 1038, 1043 (9th Cir. 2014) ("A successful defense furthers the purposes of the Copyright Act just as much as a successful infringement suit does.").

In assessing whether to award a prevailing defendant's attorneys' fees, courts consider several factors, including "the degree of success obtained on the claim; frivolousness; motivation; objective reasonableness of factual and legal arguments; and need for compensation and deterrence." *Maljack Prods. v. GoodTimes Home Video*, 81 F.3d 881, 889 (9th Cir. 1996).  The U.S. Supreme Court reaffirmed these factors and held that courts must give substantial weight to the "objective reasonableness of the losing party's position." *Kirtsaeng v. John Wiley & Sons*, 579

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

U.S. 197, 197-98 (2016).  Here, these factors support awarding Defendants attorneys' fees for defeating Plaintiff's meritless copyright claims.

## A.    Defendants Achieved Complete Success in This Litigation

In assessing whether to award fees, courts first weigh "the party's degree of success in a lawsuit." *DuckHole v. NBCUniversal Media*, 2013 WL 5797204, at *2 (C.D. Cal. Oct. 25, 2013).  "This factor weighs more in favor of a party who prevailed on the merits, rather than on a technical defense." *Id.*

Here, Defendants succeeded in defeating Plaintiff's FAC in its entirety and on the merits at the earliest possible juncture—*i.e.* before Defendants filed their reply briefs and before oral argument on the motions.  The Court fully adopted both of the arguments in Defendants' motions, each of which was independently dispositive.  Order at 12-13.  It is hard to imagine a more resounding victory for Defendants.  Because there can be no dispute that Defendants achieved complete success, this factor weighs strongly in favor of awarding Defendants their fees.

## B.    Plaintiff's Claims Were Objectively Unreasonable

In assessing fee awards under Section 505, courts next look to whether a plaintiff's claims were "objectively unreasonable." *Shame on You Prods. v. Banks*, 2016 WL 5929245, at *6 (C.D. Cal. Aug. 15, 2016), *aff'd*, 893 F.3d 661 (9th Cir. 2018).  This factor must be given "substantial weight." *Kirtsaeng*, 579 U.S at 198-99.  Notably, courts routinely hold that copyright claims are objectively unreasonable where they find no substantial similarity as a matter of law. *See, e.g., DuckHole*, 2013 WL 5797204, at *2 (awarding fees where court dismissed copyright claim for lack of substantial similarity); *Williams v. Crichton*, 891 F. Supp. 120, 122 (S.D.N.Y. 1994) (awarding fees after finding the plaintiff's copyright claims were based on "highly selective, scattered" similarities which all flowed from an unprotectable concept).

In this case, Plaintiff's claims were not merely "objectively unreasonable," they were entirely and obviously frivolous. *See Fantasy v. Fogerty*, 94 F.3d 553,

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

560 (9th Cir. 1996) ("*Fogerty II*") (noting that courts assess whether claims were "frivolous," although such a finding is "no longer required" to award attorneys' fees under the Copyright Act).  To recap Plaintiff's ludicrous copyright claims: Plaintiff wrote an unauthorized sequel to *The Lord of the Rings*, taking an extensive amount of Tolkien's creative expression.  Plaintiff called his book *The Fellowship of the King*, changing *one letter* from the title of the first book in Tolkien's trilogy, *The Fellowship of the Ring*.  Plaintiff wrote to Simon Tolkien—the grandson of J.R.R. Tolkien—asking him to bless *the sequel*, even showing up to Simon Tolkien's home on Christmas Eve with his manuscript.  When Simon Tolkien refused to collaborate with Plaintiff, Plaintiff published the book anyway, and when his unauthorized sequel was challenged by the Tolkien Estate Limited and the Tolkien Trust, he threatened them with a lawsuit and then rushed to sue Defendants based on *Rings of Power*, an *authorized* derivative work of *The Lord of the Rings* that is *nothing like* Plaintiff's work.  In support, he relied on generalized "similarities" between the works, such as the fact that both works included wizards with staffs.  This Court rejected Plaintiff's contentions in their entirety, holding that his work was not entitled to copyright protection and was not substantially similar to *Rings of Power* as a matter of law.  Order at 13-14.

Because Plaintiff's copyright claims were objectively unreasonable, this factor weighs strongly in favor of granting Defendants' fee request.

## C.    Certain of Plaintiff's Litigation Decisions Lacked a Proper Motive

In assessing a fee award, courts may also consider a plaintiff's "motivation" in pursuing a lawsuit.  *Fogerty II*, 94 F.3d at 558.  Improper motivation can be inferred from evidence that a party engaged in "overly aggressive litigation tactics," or pursued the lawsuit regardless of the merits of the claims.  *See Bridgeport Music v. WB Music*, 520 F.3d 588, 593 (6th Cir. 2008) (approving fee award against plaintiff based in part on plaintiff's aggressive tactics and pursuit of futile claims).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Here, Plaintiff's decision to file this lawsuit in itself evidences his improper motivation. Despite telling Simon Tolkien in a letter on December 24, 2019 that he had written a "sequel to The Lord of the Rings," he did not publish this sequel until September 22, 2022—just after *Rings of Power* premiered. FAC ¶ 20. When the Tolkien Defendants learned that Plaintiff was marketing and selling his work to the public, they attempted to contact him to get him to cease his infringing conduct. Plaintiff rebuffed the Tolkien Defendants' efforts to confer, *see* Koonce Decl. ¶¶ 5-9; Exs. D-G, and instead filed this lawsuit.

After the lawsuit was filed, Defendants warned Plaintiff that it was frivolous and offered him numerous opportunities to dismiss it, which he and his counsel continually refused to do. Before Plaintiff even served the complaint, Defendants' counsel sent letters to Plaintiff's counsel, citing to *Anderson v. Stallone*—the very case that this Court ultimately relied upon to dismiss this action—and explaining that *Anderson* precluded Plaintiff's action. *Id.* Ex. H; Levine Decl. Ex. 1. Plaintiff's counsel merely stated that she was "familiar" with *Anderson* and "the facts and the required legal analysis are quite distinct" because Plaintiff only took "ideas" from Tolkien's works and created "an original story." Koonce Decl. Ex. I; Levine Decl. Ex. 2. Shortly thereafter, Plaintiff's counsel issued a press release highlighting her representation of Plaintiff in this lawsuit, which she described as "a $250 million copyright infringement lawsuit" against "Bezos" and the "Tolkien Estate," clearly all designed to garner attention for her law firm.

The parties also held two meet and confers during which Defendants' counsel explained why the case was meritless, neither of which convinced Plaintiff or his counsel to drop their case. *See* Levine Decl. ¶¶ 5, 8. The Amazon Defendants' counsel also notified Plaintiff's counsel that the registered version of Plaintiff's work did not contain many of the similarities listed in Exhibit B, including one of the alleged similarities (the cover of Plaintiff's book) that Plaintiff's counsel

MOTION FOR ATTORNEYS' FEES

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

specifically referenced during the meet and confers. *Id.* ¶ 9.  Plaintiff's counsel never responded to that email.  *Id.*

After Defendants filed their motions to dismiss, Plaintiff filed his opposition briefs, in which he falsely declared that he never represented that his work was a "sequel" to *The Lord of the Rings*.  *See* Dkt. 44 at 6; Dkt. 45 at 5.  He claimed, instead, that his work was merely "inspired" by *The Lord of the Rings*, no different than *Star Wars* or *Games of Thrones*.  *See* Dkt. 44 at 2; Dkt. 45 at 2.  In fact, Plaintiff *repeatedly* referred to his work as a "sequel," including in a video on his own YouTube page sub-titled, "War Of The Rings: Writing the Sequel to The Lord of the Rings," in which he described *The Fellowship of the King* as the "first book in the seven-book sequel to *The Lord of the Rings*."[2]  Plaintiff only changed his position once he learned it would be detrimental to his litigation.

Because Plaintiff aggressively pursued a meritless case that lacked any basis in fact or law, this factor favors awarding Defendants their fees.

**D.     A Fee Award Is Appropriate to Advance the Copyright Act's Goals of Compensation and Deterring Meritless Litigation**

Finally, awarding fees to a prevailing copyright defendant is proper where it serves "to advance considerations of compensation and deterrence." *Fogerty I*, 510 U.S. at 534 n.19 (internal quotation marks omitted).  "Compensation and deterrence would support an award of attorneys' fees . . . in order to 'deter this plaintiff, and other similarly situated plaintiffs, from bringing unreasonable claims based on a cost-benefit analysis that tells such plaintiffs that they can score big if they win and there will be no adverse consequences if they lose.'" *Lawrence v. Sony Pictures Entm't*, 2011 WL 13217267, at *2 (C.D. Cal. Oct. 5, 2011) (quoting *Baker v. Urban Outfitters*, 431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006)), *aff'd*, 534 F. App'x 651 (9th Cir. 2013).

---

[2] https://www.youtube.com/watch?v=jdBxqMPbMho&t=393s.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

MOTION FOR ATTORNEYS' FEES

In *Shame on You Productions*, for example, the court awarded defendants $315,669.75 in attorneys' fees after holding that the works were not substantially similar and finding that a fee award would "reward artists and others who defend against meritless claims, and will encourage artists to continue producing original works without fear of having to defend against baseless claims."  2016 WL 5929245, at *11, 19; *see also Bernal v. Paradigm Talent & Literary Agency*, 2010 WL 6397561, at *3 (C.D. Cal. June 1, 2010) (Wilson, J.) (granting motion for attorneys' fees because the award "serves purposes of deterrence, in that it helps to prevent the filing of similarly meritless copyright actions by would-be plaintiffs").

These principles are particularly important in a case like this, where Plaintiff attempted to punish Defendants for creating an *authorized* derivative work of *The Lord of the Rings* by relying on alleged similarities that consisted of elements that Plaintiff stole from Tolkien.  Moreover, Plaintiff has already indicated his intention to publish six additional books in his series.  *See, e.g.*, FAC ¶ 20 (referring to *The Fellowship of the King* as the first in a "seven book series").[3]  Awarding attorneys' fees to Defendants will thus help to ensure that Plaintiff does not continue to file copyright infringement lawsuits against Defendants based on his later books and later seasons of *Rings of Power*.

*     *     *

In sum, all of the relevant factors to determining whether Defendants are entitled to recover fees under 17 U.S.C. § 505 weigh in favor of a fee award.

## IV.   DEFENDANTS' REQUESTED FEES ARE REASONABLE

In determining a reasonable fee award under Section 505, the Court "must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate."  *Intel Corp. v.*

---

[3] *See also* https://www.fractalbooks.com/product/the-war-of-the-rings-book-two-the-two-trees/ (last visited Sept. 7, 2023) (describing the second book in Plaintiff's series, *The Two Trees*, which copies the title of the second book in Tolkien's trilogy, *The Two Towers*).

MOTION FOR ATTORNEYS' FEES

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Terabyte Int'l*, 6 F.3d 614, 622 (9th Cir. 1993).  "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Id.*  Applying these criteria, Defendants' requested fees are entirely reasonable.

## A.      Defendants' Counsel's Billing Rates Are Reasonable

A reasonable hourly rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (internal quotes omitted).  The "best evidence" of an attorney's reasonable hourly rate is the "rate customarily charged" by that attorney.  *Elser v. I.A.M. Nat'l Pension Fund*, 579 F. Supp. 1375, 1379 (C.D. Cal. 1984) (internal quotes omitted). Indeed, "[u]nless counsel is working outside his or her normal area of practice, the billing-rate multiplier is, for practical reasons, usually counsel's normal billing rate." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 840 (9th Cir. 1982).

Based on their skill, experience, and reputation, the hourly rates charged for the Amazon Defendants' attorneys are highly reasonable:

- **Nicolas Jampol** is a media & entertainment partner in the Los Angeles office of Davis Wright Tremaine LLP ("DWT"), which is a nationally recognized firm for intellectual property litigation.  *See City of Inglewood v. Teixeira*, 2015 WL 6146269, at *5 (C.D. Cal. Oct. 8, 2015) ("Davis Wright Tremaine LLP ('DWT') is a nationally recognized firm in the areas of First Amendment and intellectual property litigation."); *Lawrence*, 2011 WL 13217267, at *4 (recognizing that DWT "is reputable and active in litigating copyright cases in this district").  Mr. Jampol graduated *cum laude* from the University of Michigan Law School in 2006, and litigates primarily content-related claims, with a particular emphasis on copyright claims.  Levine Decl. ¶ 12.  He is a member of the firm's executive committee.  *Id.* DWT charged a discounted rate of $650 per hour for Mr. Jampol's time on this case.  *Id.* ¶ 11.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- **Amanda Levine** is a media & entertainment associate in the New York office of DWT.  She graduated *cum laude* from Harvard Law School in 2016 and routinely litigates and counsels clients on intellectual property, defamation, and other media matters.  *Id.* ¶ 13.  Just this year, Ms. Levine was recognized as "One to Watch" in the area of intellectual property law by the publication, *Best Lawyers*.  *Id.* DWT charged a discounted rate of $550 per hour for Ms. Levine's time on this case.  *Id.* ¶ 11.

- **Samuel Turner** is a media & entertainment associate in the Los Angeles office of DWT.  He graduated from the College of Law at Arizona State University in 2020 and served as a judicial law clerk in the United States District Courts of the Northern and Central Districts of California.  *Id.* ¶ 14. He litigates and counsels clients on intellectual property, First Amendment, and other media matters.  *Id.*  DWT charged a rate of $550 per hour for Mr. Turner's time on this case.  *Id.* ¶ 11.

The hourly rated charged for the Tolkien Defendants' attorneys are also highly reasonable based on their skill, experience, and reputation:

- **Lance Koonce** is a partner at Klaris Law PLLC, which is well-known for its intellectual property, media law, and First Amendment practices, and has been recognized by Chambers and Partners for its media law practice.  Koonce Decl. ¶ 19.  Mr. Koonce is an intellectual property litigator with over 25 years of experience in federal and state courts, and has a particular expertise in litigating copyright cases.  *Id.*  He graduated with honors from the University of North Carolina-Chapel Hill School of Law.  *Id.*  Mr. Koonce was previously a partner at DWT.  *See id.* ¶ 23, Ex. J.  Klaris Law charged a rate of $550 per hour for Mr. Koonce's time.  *Id.* ¶ 28.

- **Gili Karev** is an associate with Klaris Law PLLC, specializing in litigation and intellectual property matters.  *Id.* ¶ 21. She graduated *summa cum laude* with a double bachelor's degree in English Literature and Chinese from Tel

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Aviv University; has a law degree from City University of London Law School; and a J.D./LL.M from Columbia Law School as a Harlan Fiske Stone Scholar, where she was also the recipient of the Michael D. Remer Award for copyright law. *Id.* She is currently an active member of the New York City Bar Association Copyright and Literary Property Committee and the Copyright Society. *Id.* Klaris Law charged a rate of $450 per hour for Ms. Karev's time.

- **Steven Maier** is a partner at Maier Blackburn LLP in Oxford, United Kingdom, which he co-founded in 2012. *Id.* ¶ 22. Mr. Maier read law at St Peter's College, Oxford and qualified as a solicitor with Simmons & Simmons in 1986. *Id.* After periods with Simon Olswang & Co and publisher Reed International, he joined Manches in 1992 where he headed the firm's IP Litigation group. *Id.* He specializes in both intellectual property and commercial litigation, with particular expertise in publishing and media law, including copyright and trade mark infringement, libel and privacy, confidential information and internet domain name cases. *Id.* Maier Blackburn charged a rate of £480 per hour for Mr. Maier's time. *Id.* Ex. K, ¶ 6.

Given the skills and reputations of Defendants' counsel, as well as the pre-negotiated discounts, their rates in this matter are entirely reasonable.

The reasonableness of Defendants' counsel's rates is further evidenced by the fact that other courts have found their rates to be reasonable in other copyright lawsuits in Southern California. For example, in *Washington v. ViacomCBS*, 2021 WL 6134375, at *4 (C.D. Cal. Dec. 9, 2021), the Court found that effective hourly rates of $850 for a partner, $633 for a senior associate, and $490 for a junior associate were reasonable in a copyright infringement action dismissed on a motion to dismiss. *See also Jiang v. KNTV Tel. LLC*, 2021 WL 4710717, at *5 (N.D. Cal. Oct. 8, 2021) (finding rates of $744 per hour for a DWT partner, $512 per hour for an associate, and $336 per hour for a paralegal to be reasonable); *vacated on other grounds, Jiang v. NBCUniversal Media, LLC*, 2023 WL 2585655 (9th Cir. Mar. 17,

14

2023).  Based on these authorities, Defendants' counsel's rates for this matter are reasonable.

**B.     The Hours Expended By Defendants' Counsel Are Reasonable.**

A fee award "should ordinarily include compensation for all hours reasonably spent, including those relating solely to the fee." *Serrano v. Unruh*, 32 Cal. 3d 621, 624 (1982).  Defendants' request is reasonable for several reasons.

***First***, Defendants' motions to dismiss were entirely successful, and resulted in an early dismissal of Plaintiff's FAC with prejudice.  The U.S. Supreme Court has explained that where a prevailing party "has obtained excellent results, [their] attorney should recover a fully compensatory fee.  Normally, this will encompass all hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).  This is particularly significant because Plaintiff was not merely seeking damages, but also wide-ranging injunctive relief and attorneys' fees.  FAC at 13-14 (prayer for relief).

***Second***, Defendants are not seeking fees for all their time spent defeating Plaintiff's claims.  They do not seek fees for the time incurred by attorneys and paralegals who have assisted with the matter, nor for the significant time spent on this matter by in-house counsel at Amazon, notwithstanding that those fees are recoverable.  Levine Decl. ¶ 18; *see PCLM Grp. v. Drexler*, 22 Cal. 4th 1084, 1094 (2000) (affirming fee award for work performed by in-house counsel, finding "no basis for discriminating" between in-house counsel and outside attorneys on a particular matter).  Defendants also are not seeking attorneys' fees in connection with this motion, which are also recoverable. *See Marcus v. ABC Signature Studios, Inc.*, 2017 WL 5592470, at *6 (C.D. Cal. Nov. 20, 2017) (granting over $20,000 of "fees upon fees" under 17 U.S.C. § 505 for preparation of motion for attorneys' fees).

***Third***, Defendants' attorneys managed this case efficiently, and the hours were reasonable in light of the complexity of the issues and the nature of the case.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants' motions to dismiss required counsel to demonstrate to the Court that the two works were not substantially similar as to their plots, characters, settings, and the other elements of the Ninth Circuit's "extrinsic test" for substantial similarity.  This, in turn, required careful review and analysis by Defendants' counsel of both *Rings of Power* (an eight-episode series) and *The Fellowship of the King* (an over 300-page novel) as well as research about *The Lord of the Rings*, which was the source for many of the purported similarities between the works.  In addition, once Defendants learned that Plaintiff's published work differed from his registered work—a point that was not disclosed by Plaintiff's counsel but was only learned after Defendants requested a copy of the registered work from the Copyright Office—Defendants were forced to review the registered work to determine whether the similarities listed in Exhibit B were also found in it.  As explained above, many of them were not.  Further, because Plaintiff did not make clear his intention to amend his complaint until one week before Defendants' response deadline, Defendants had largely prepared the motions that they intended to file, which then had to be revised when Plaintiff filed the FAC.  Defendants also fully prepared reply briefs in further support of their motions to dismiss, which they intended to file on the date that the Court dismissed this action.

**Fourth**, as noted above, the amount requested is within the range of fees awarded to prevailing defendants in other comparable copyright actions. *See, e.g., Shame on You*, 2016 WL 5929245, at *19 (awarding $315,669.75 in attorneys' fees for defendants' successful motion for judgment on the pleadings); *Wild v. NBC Universal*, 2011 WL 12877031, at *4 (C.D. Cal. July 18, 2011) (awarding $113,041.85 in attorneys' fees and costs for defendants' successful motion to dismiss copyright action).

## V.   CONCLUSION

The Court found that Plaintiff's claims for copyright infringement failed in their entirety, on the merits, for two independent reasons.  For the reasons explained

MOTION FOR ATTORNEYS' FEES

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

above, Defendants are now entitled to recover from Plaintiff the fees they
reasonably incurred in their successful defense.  Accordingly, the Court should
grant this Motion and award the Amazon Defendants their attorneys' fees of
$74,150 and the Tolkien Defendants their attorneys' fees of $78,865.


DATED: September 8, 2023                 Respectfully submitted,

                                         DAVIS WRIGHT TREMAINE LLP
                                         NICOLAS A. JAMPOL
                                         AMANDA LEVINE
                                         SAMUEL A. TURNER

                                         By:    /s/ Nicolas A. Jampol
                                                   Nicolas A. Jampol

                                             Attorneys for the Amazon
                                             Defendants

                                         KLARIS LAW
                                         LACY H. KOONCE, III
                                         GILI KAREV

                                         By:    /s/ Lacy H. Koonce, III
                                                   Lacy H. Koonce, III

                                             Attorneys for the
                                             Tolkien Defendants

MOTION FOR ATTORNEYS' FEES

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899