NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
AMANDA LEVINE (*pro hac vice*)
  amandalevine@dwt.com
SAMUEL A. TURNER (State Bar No. 338089)
  samturner@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Amazon Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIOUS POLYCHRON, an individual<br><br>Plaintiff,<br><br>vs.<br><br>JEFF BEZOS, an individual, JENNIFER SALKE, an individual, SIMON TOLKIEN, an individual, PATRICK MCKAY, an individual, JOHN D. PAYNE, an individual, AMAZON STUDIOS LLC, a California Limited Liability Company, AMAZON CONTENT SERVICES LLC, a Delaware Limited Liability Company, THE TOLKIEN ESTATE, THE TOLKIEN ESTATE LIMITED, THE TOLKIEN TRUST, and DOES 1-100<br><br>Defendants. | Case No. 2:23-cv-02831-SVW (Ex)<br><br>**DECLARATION OF AMANDA LEVINE IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES** |

# DECLARATION OF AMANDA LEVINE

I, Amanda Levine, declare as follows:

1. I am an attorney admitted to practice before all courts of the State of New York, the U.S. District Courts for the Southern and Eastern Districts of New York, and the U.S. Court of Appeals for the Second Circuit, and I am admitted to practice *pro hac vice* in this action. I am an associate in the law firm of Davis Wright Tremaine LLP ("DWT"), and I am one of the attorneys representing defendants Amazon Studios LLC and Amazon Content Services LLC (collectively, the "Amazon Defendants") in this matter. The facts stated below are based on my own personal knowledge and on my review of DWT's regularly maintained billing records, as described below. If called to testify, I could and would competently testify to these facts.

2. Plaintiff initially filed this case on April 14, 2023. *See* Dkt. 1. On April 27, 2023—prior to Plaintiff's service of the complaint—Nicolas Jampol (a partner at DWT and lead counsel for the Amazon Defendants) sent a letter to Plaintiff's counsel concerning this action. In the letter, Mr. Jampol explained that courts across the country have held that the Copyright Act "precludes the author of an unauthorized infringing derivative work from suing the author of the work which he has already infringed," and cited to *Anderson v. Stallone*, 1989 WL 206431 (C.D. Cal. Apr. 25, 1989) and *Pickett v. Prince*, 207 F.3d 402 (7th Cir. 2000) as two such examples. That is precisely what Plaintiff did here—creating a derivative work of J.R.R. Tolkien's *The Lord of the Rings* and then suing the owners of the copyright to this work and its licensees for copyright infringement. Mr. Jampol also explained that Plaintiff's work, *The Fellowship of the King*, and the Amazon Defendants' series, *The Lord of the Rings: Rings of Power* ("*Rings of Power*"), were not substantially similar. The letter explained that the "similarities" Plaintiff identified in his complaint were either original to Tolkien, were unprotectable *scenes a faire*, or were mischaracterizations of the works. Mr. Jampol warned

LEVINE DECLARATION   1

Plaintiff's counsel that if Plaintiff proceeded with the litigation, the Amazon Defendants would "promptly move to recover [their] attorneys' fees expended in defeating this meritless action." A true and correct copy of Mr. Jampol's letter is attached hereto as **Exhibit 1**.

3. On May 1, 2023, Plaintiff's counsel Katie Charleston responded to the Amazon Defendants' letter. Ms. Charleston stated that she was familiar with *Anderson v. Stallone* but "the facts and the required legal analysis here are quite distinct." She further stated that "an idea is not protected either by copyright or by common law," Plaintiff's work was "an original story created from unprotectable ideas," and *Rings of Power* "blatantly copied . . . her client's copyright-protected book." A true and correct copy of Ms. Charleston's letter is attached hereto as **Exhibit 2**.

4. After Ms. Charleston sent her letter, Mr. Jampol waived service of the complaint on behalf of the Amazon Defendants, and the Amazon Defendants began preparing a motion to dismiss Plaintiff's claims.

5. On June 23, 2023, in advance of filing the Amazon Defendants' motion to dismiss, I attended the Court's required pre-filing conference of counsel with Ms. Charleston and counsel for the Tolkien Defendants Lance Koonce and Gili Karev. During that conference, Mr. Koonce and I each explained in detail why Plaintiff's claims were meritless. We reiterated that infringing derivative works, like *The Fellowship of the King*, are not entitled to copyright protection in the first place. We further explained that, even if Plaintiff's work were entitled to copyright protection, it was not substantially similar to *Rings of Power*. In response, Plaintiff's counsel merely repeated the purported "similarities" from the complaint, claiming, for example, that the works shared five characters with the same names. I explained that those names came from Tolkien, not Plaintiff. In addition, Mr. Koonce and I noted that the complaint was unclear about which defendants were liable for direct infringement and which were liable for secondary infringement.

Ms. Charleston indicated that Plaintiff may amend the complaint to clarify this issue but would provide Plaintiff's official position by June 26, 2023.

6. At around 5:40 pm EST on June 26, 2023, after we did not hear from Ms. Charleston, Mr. Koonce sent her an email asking again whether Plaintiff would be amending his complaint. Three hours later, when we still had not heard from Ms. Charleston, Mr. Koonce emailed her yet again. Ms. Charleston responded, indicating that Plaintiff would, in fact, be filing an amended complaint. On June 28, 2023, in response to a question from Mr. Jampol about when Plaintiff would file the amended complaint, Ms. Charleston stated that it was her "goal" to file it by the following Monday, July 3, 2023—the day that Defendants' motions were due.

7. Because Defendants were uncertain about whether Plaintiff would meet the "goal" to file the amended complaint by July 3, at the suggestion of Mr. Jampol, the parties entered into a stipulation extending Defendants' time to respond to the complaint. *See* Dkt. 26.

8. On July 13, 2023, Plaintiff's counsel filed the first amended complaint (the "FAC"), which suffered from many of the same defects as the initial complaint. On July 18, 2023, the parties held yet another conference, attended by me and Mr. Jampol on behalf of the Amazon Defendants; Mr. Koonce and Ms. Karev on behalf of the Tolkien Defendants; and Ms. Charleston on behalf of Plaintiff. During this conference, we informed Ms. Charleston of the numerous incurable deficiencies in Plaintiff's FAC—namely that Plaintiff's work was not protectable and was not substantially similar to *Rings of Power*—and again encouraged Plaintiff to dismiss the action. As she did in the first conference, Ms. Charleston again pointed to the "similarities" in the FAC, placing particular emphasis on the fact that both the cover image of Plaintiff's work and one of the opening scenes of *Rings of Power* involved a battle between a dragon and an eagle. Ms. Charleston indicated that Plaintiff would not dismiss the FAC.

LEVINE DECLARATION 3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

9. Later that day, I received from the Copyright Office a copy of Plaintiff's registered work. Upon a review of the registered work, it became evident that there were notable differences from the published work that Plaintiff had sued upon. Importantly, many of the "similarities" referenced in the FAC (including the aforementioned cover image) were not included in the registered work. On July 19, 2023, I sent an email to Ms. Charleston, informing her that a copyright plaintiff can only sue upon a registered work and, accordingly, the purported "similarities" that did not appear in the registered work could not support Plaintiff's infringement claim. Ms. Charleston never responded to my email. A true and correct copy of my email to Ms. Charleston is attached hereto as **Exhibit 3**.

10. On July 27, 2023, the Amazon Defendants filed their motion to dismiss the FAC. *See* Dkt. 42. On August 7, 2023, Plaintiff filed his opposition. *See* Dkt. 44. On August 14, 2023, before the Amazon Defendants filed their reply brief in further support of their motion to dismiss, the Court granted the motion. *See* Dkt. 47.

11. The Amazon Defendants' motion to dismiss Plaintiff's claims was handled primarily by Mr. Jampol as lead counsel; associate Samuel A. Turner; and myself. The following chart reflects DWT's negotiated billing rates in this matter for each attorney:

| Name | Title | Negotiated Rate |
| --- | --- | --- |
| Nicolas A. Jampol | Partner | $650 |
| Amanda Levine | Associate | $550 |
| Samuel A. Turner | Associate | $550 |

12. Mr. Jampol is a media & entertainment partner in the Los Angeles office of DWT. He graduated *cum laude* from the University of Michigan Law School in 2006 and litigates primarily content-related claims, with a particular emphasis on copyright claims. He is a member of the firm's executive committee.

13. I am a media & entertainment associate in the New York office of DWT. I graduated *cum laude* from Harvard Law School in 2016 and routinely litigate and counsel clients on intellectual property, defamation, and other media matters. This year, I was recognized as "One to Watch" in the area of intellectual property by the publication, *Best Lawyers*.

14. Mr. Turner is a media & entertainment associate in the Los Angeles office of DWT. He graduated from the College of Law at Arizona State University in 2020 and served as a judicial law clerk in the United States District Courts of the Northern and Central Districts of California. He litigates and counsels clients on intellectual property, First Amendment, and other media matters.

15. I have personally reviewed DWT's billing records in this matter. Attached hereto as **Exhibit 4** is a true and correct copy of a spreadsheet containing the daily time entries from each DWT timekeeper, with a description of the work performed by each professional on each day. I have removed entries for which the Amazon Defendants do not seek to recover fees.

16. This chart summarizes the total fees sought for each professional's work:

| Phase | Attorney | Hours | Rate | Total |
|---|---|---|---|---|
| Case Management | Nicolas A. Jampol (Partner) | 5.6 | $650 | $3,640 |
|  | Amanda Levine (Associate) | 2.1 | $550 | $1,155 |
| **Total** |  | **7.7** |  | **$4,795** |
| Motion to Dismiss Initial Complaint | Nicolas A. Jampol (Partner) | 3.8 | $650 | $2,470 |
|  | Amanda Levine (Associate) | 40.6 | $550 | $22,330 |

LEVINE DECLARATION        5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

|  |  |  |  |  |
|---|---|---|---|---|
|  | Samuel A. Turner (Associate) | 7.7 | $550 | $4,235 |
| **Total** |  | **52.1** |  | **$29,035** |
| Motion to Dismiss FAC | Nicolas A. Jampol (Partner) | 32.5 | $650 | $21,125 |
|  | Amanda Levine (Associate) | 30.9 | $550 | $16,995 |
|  | Samuel A. Turner (Associate) | 4.0 | $550 | $2,200 |
| **Total** |  | **67.4** |  | **$40,320** |
| **OVERALL TOTAL** |  | **127.2** |  | **$74,150** |

17. As reflected in Exhibit 4 and the chart at Paragraph 16, counsel for the Amazon Defendants incurred $74,150 in fees that they seek to recover by this motion.

18. The Amazon Defendants do not seek to collect fees incurred for the significant time spent on this matter by Amazon's in-house counsel. The Amazon Defendants also do not seek to collect fees incurred for the time spent on this matter by paralegals, Megan Duffy and Marni Shapiro, who assisted with the motions to dismiss. And the Amazon Defendants do not seek to collect fees incurred for this motion.

19. Based on my knowledge, experience, and involvement in this case, I believe that DWT's attorneys' fees incurred in this action were reasonable and necessary for the defense against Plaintiff's copyright claims.

LEVINE DECLARATION

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1
2     I declare under penalty of perjury under the laws of the United States of
3 America and the State of California that the foregoing is true and correct, and that
4 this Declaration was executed on the 8th day of September, 2023, in New York,
5 New York.

                                                                    *Amanda Levine*

                                                                    Amanda Levine

LEVINE DECLARATION      7

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899