# Exhibit H

| | |
|---|---|
| **Subject:** | FW: Demetrius Polychron <> Klaris Law |
| **Date:** | Tuesday, April 25, 2023 at 2:27:04 PM Eastern Daylight Time |
| **From:** | Lance Koonce |
| **To:** | katie@katiecharlestonlaw.com |
| **CC:** | Gili Karev |
| **Attachments:** | FW: The War Of The Rings & The Rings Of Power.eml, image001.png |

Dear Ms. Charleston,

We are counsel to the Tolkien Estate and the Tolkien Trust (the "Estate" for ease of reference) in connection with the lawsuit you filed on April 14 against the Estate and Amazon Studios, Case 2:23-cv-02831 (C.D. Cal), on behalf of your client, Demetrius Polychron. Given that Mr. Polychron is now represented in this matter we assume you counseled him to reach out to us directly (see several emails below), but out of an abundance of caution we are directing our response only to you.

As you may know, we had been trying to arrange a call with Mr. Polychron on this matter since at least April 10, after first writing to him demanding that he cease and desist from sales of his infringing book "The Fellowship of the King," but the call was consistently pushed or delayed due to what was claimed to be a serious illness on his part. Despite claims of being "floridly symptomatic with the flu" and bedridden on doctor's order, he was, evidently, well enough in the interim to seek, retain, and instruct counsel to file a lawsuit.  What is less evident to us is whether before precipitously filing this lawsuit, you conducted an "objectively reasonable inquiry" into the facts and law as required before proceeding in federal court. *See Holgate v. Baldwin*, 425 F.3d 671, 675-77 (9th Cir. 2005).

We raise this because the complaint you have filed on Mr. Polychron's behalf is, on its face, entirely frivolous. We assume you are aware of Mr. Polychron's numerous admissions, both publicly and in correspondence, that his book is an unauthorized sequel to J.R.R. Tolkien's *The Lord of the Rings* set in Tolkien's Middle-earth and strictly adhering to Tolkien "canon." *See, e.g.*, Nov. 21, 2017 letter to Simon Tolkien, attached hereto ("I've been writing the obvious pitch-perfect sequel to 'The Lord of the Rings. I know I shouldn't have, but I really didn't have a choice."); Mar. 21, 2023 email to the Estate, also attached ("hundreds of people are constantly telling 'new' stories set in Middle-earth. … None of them come anywhere near to sticking as closely as I have to Canon while successfully writing an epic and entertaining story.").  Even without these admissions, it is abundantly clear from even a brief review of Mr. Polychron's book that it is entirely derivative of Tolkien's works, as it is without question set in Tolkien's fictional universe and attempts to continue the narrative written by Tolkien, and lifts characters, settings, plot points, entire lines of text and more from *The Lord of the Rings.*  It is well settled that unauthorized derivative works are not afforded any copyright protection, because they unlawfully infringe the exclusive rights of the original author. 17 U.S.C. § 106 (authors retain "the exclusive rights" to "prepare derivative works based upon the copyrighted work." ). You may wish to familiarize yourself in particular with *Anderson v. Stallone,* 1989 WL 206431 (C.D. Cal. April 26, 1989), the seminal case on point in which the very district court in which the current ill-advised suit is pending concluded that a spec script for a fourth *Rocky* movie that built from the characters and plot from the previous three was not entitled to any

copyright protection. We are happy to provide further citations on this issue.  It is the height of absurdity – as has clearly been underlined by online commentary about the lawsuit – for an infringing author to then suggest that such an infringing, unprotectable work is itself infringed by an *authorized* derivative such as *The Rings of Power*.

**In light of the above, we would ask that your client withdraw his complaint, and take steps to comply immediately with the Estate's demands as set forth in our letter of March 14, 2023.**  Should he fail to do so, we will at a bare minimum be moving to dismiss your client's claim and lodging a claim for infringement against your client, and will be seeking our client's costs and attorney's fees as permitted for a prevailing party under 17 U.S.C. § 505.  As I am sure you are aware, prevailing party fee awards in copyright cases can be significant, and we urge your client to reconsider this rash course of action before the parties are forced to expend significant time and resources on this dispute.  We also anticipate that you will be hearing from counsel from other named defendants shortly.

We would be happy to have a call with you to discuss any of the above, at your convenience.

Kind regards,

Lance Koonce


**Lance Koonce**
Partner | +1 917-612-5861
Bio | LinkedIn | Twitter

# KLARIS

Klaris Law PLLC
29 Little West 12th Street
New York, NY 10014
www.klarislaw.com


---

**From:** Demetrious Polychron <dpolychron@fractalbooks.com>
**Sent:** Thursday, April 20, 2023 6:42 AM
**To:** Gili Karev <gili.karev@klarislaw.com>; Lance Koonce <lance.koonce@klarislaw.com>
**Subject:** RE: Demetrius Polychron <> Klaris Law

Gili,

History has repeated itself. I once again requested a meeting days ago and the day has come but I have not heard back from anyone at your firm.

Our meeting today is cancelled.

Demetrious

-----Original Appointment-----

**From:** Gili Karev <gili.karev@klarislaw.com>
**Sent:** Friday, April 14, 2023 12:45 PM
**To:** Lance Koonce; Demetrious Polychron
**Subject:** Canceled: Demetrius Polychron <> Klaris Law
**When:** Friday, April 14, 2023 4:00 PM-4:30 PM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Room Z: https://us02web.zoom.us/j/3339101709?pwd=L1MwdlhQeHJaNnFNTXdOc0tYVVhiUT09 (video and audio) or 1.669.900.6833 l 3339101709# (audio)
**Importance:** High