Katie M. Charleston (SBN 252422)
Katie Charleston Law, PC
9151 Atlanta Avenue, No. 6427
Huntington Beach, CA  92615
PH: 317-663-9190
Fax: 317-279-6258
Email: katie@katiecharlestonlaw.com

Attorney for Plaintiff, Demetrious Polychron

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| DEMETRIOUS POLYCHRON<br><br>                             Plaintiff,<br><br>   vs.<br><br>JEFF BEZOS, et al.,<br><br>                             Defendants. | Case No.: 2:23-cv-02831-SVW-E<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES**<br><br>Hearing Date: October 16, 2023<br>Hearing Time: 1:30pm |
|---|---|

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

1

1  Plaintiff, Demetrious Polychron, by counsel, submits his opposition to the Motion
2  for Attorneys' Fees filed by Defendants, Amazon Studios LLC and Amazon Content
3  Services LLC (the "Amazon Defendants"), and the Tolkien Estate Limited, the Tolkien
4  Trust, and Simon Tolkien (the "Tolkien Defendants").

Dated: September 25, 2023                Respectfully submitted,

Katie Charleston Law, PC

By:   /s/ *Katie Charleston*
      Katie Charleston, Esq.
      Attorney for Plaintiff

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

## I. INTRODUCTION

The instant opposition is brought in response to Defendants' Motion for Attorneys' fees in the underlying case. Plaintiff opposes this motion on the ground that attorneys' fees would not serve the purposes of the Copyright Act, an award of attorney's fees would have a chilling effect on advancing copyright claims, and would impose an inequitable burden on any plaintiff, but primarily this plaintiff with limited financial resources.

## II. FACTS

Plaintiff is a writer who sought to improve the literary world with his book, *The Fellowship of the King*. Largely inspired by Simon Tolkien and *The Lord of the Rings (TLOTR)*, he wrote a fictional fantasy story, creating new characters, races, plots, and themes. While he had desired that the Tolkien Estate acknowledge and adopt his book as related to *TLOTR*, it could stand alone. When Plaintiff saw how the Defendants used his newly created elements, those unregistered and registered with the Copyright Office, he sought to protect his newly created elements.

Despite his efforts, Plaintiff's case was prematurely dismissed following Defendants' Motion to Dismiss. Plaintiff, an artist whose book had been his life's work, spent all he had on attorney's fees to protect his work and still was unable to pay his attorney for all legal services provided. (Katie Charleston Declaration, dated August 31, 2023, at Dkt. 51-1.). Following the Defendants herein filing a subsequent lawsuit against him for Copyright infringement, Plaintiff removed his books for sale and closed his website.

## III. ARGUMENT

Several principles are to be considered in making the discretionary determination. See *Fogerty v. Fantasy, Inc*. 510 U.S. 517, 534 (1994). (Fogerty I), 510 U.S. at 534; *Kirtsaeng v. John Wiley & Sons*, Inc., 136 S. Ct. 1979, 1985. They include: (i) "[t]he primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public," (Fogerty I, 510 U.S. at 524); (ii) both defendants and plaintiffs may hold copyrights, and may "run the gamut from

corporate behemoths to starving artists" (id. at 524-27); (iii) the need to encourage "defendants who seek to advance a variety of meritorious copyright defenses ... to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement" (id. at 527); and (iv) "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." Id. *Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC* (C.D. Cal., July 7, 2023, No. LACV1600339JAKFFMX) 2023 WL 5505005, at *2.

The Ninth Circuit has explained that, in applying these factors, it is appropriate to consider the following: (i) the degree of success obtained by the moving party; (ii) the purposes of the Copyright Act; and (iii) whether an award of attorney's fees would have a chilling effect on advancing copyright claims that is too great or would impose an inequitable burden on a plaintiff with limited financial resources (collectively, the "Fogerty Factors"). *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003). Fogerty I also acknowledged that it is appropriate to consider the following nonexclusive factors (the "Lieb Factors")1 when evaluating a motion for an award of fees: (i) frivolousness; (ii) motivation; (iii) objective unreasonableness as to both the factual and the legal elements of the case; and (iv) the need in particular circumstances to advance considerations of compensation and deterrence. *Fogerty I*, 510 U.S. at 534 n.19.

### A. An Award of Attorneys' Fees Would Not Service the Purposes of the Copyright Act.

The primary purpose of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public. *Fogerty* I, *supra*, 510 U.S. at 524. Here, Plaintiff *is* an artist and has created an original work, regardless of whether the Court dismissed the case and found it to be an unauthorized derivative. To punish him with an award of attorneys' fees to the Defendants when he was simply trying to protect his work would be blatantly unfair and contrary to the Copyright Act.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

### B. An Award of Attorneys' Fees Would Have a Chilling Effect on Advancing Copyright Claims.

An award of attorneys' fees would have a chilling effect on advancing Copyright claims. If fees are awarded here, where Plaintiff has created an original work inspired by others, and particularly a large enterprise like the Tolkien Estate, artists around the country who are similarly inspired will likely fail to advance claims on infringement where they have legitimate rights to their original works. Such chilling effect is contrary to the spirit of the Copyright Act and is unfair to this Plaintiff.

### C. An Award of Attorneys' Fees Would Impose an Inequitable Burden on Plaintiff.

Plaintiff, an artist who made the book at issue his life's work, has also put everything he has into this lawsuit. His financial condition has prevented him from paying for legal services, and simply put, an award of attorneys' fees would not only be contrary to the purpose of the Copyright Act, but would also be lost on Plaintiff as he simply has nothing to give following the loss of his book.

## V. CONCLUSION

For the foregoing reasons, Plaintiff requests the Court deny Defendants' Motion for Attorneys' fees and for all other proper relief.

Dated: September 25, 2023                    Respectfully submitted,

                                                                         Katie Charleston Law, PC

By:  /s/ *Katie Charleston*
     Katie Charleston, Esq.
     Attorney for Plaintiff

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

5