UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02831-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *Demetrious Polychron v. Jeff Bezos et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

| **Proceedings:** | ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEY FEES [52] |
|---|---|

Before the Court is Defendants Amazon Studios LLC and Amazon Content Services LLC (the "Amazon Defendants") and the Tolkien Estate Limited, the Tolkien Trust, and Simon Tolkien (the "Tolkien Defendants") motion for attorneys' fees. ECF No. 52. For the reasons below, the motion is GRANTED IN PART.

I. **Factual and Procedural Background**

Plaintiff Demetrious Polychron ("Plaintiff") brought various claims alleging copyright infringement and unfair competition against the Amazon Defendants and the Tolkien Defendants (collectively "Defendants"). First Am. Compl. ("FAC") ¶ 40–81, ECF No. 31. He alleged that Defendants had unlawfully based their television show, *The Lord of the Rings: The Rings of Power*, on Plaintiff's work, which was an unauthorized sequel to *The Lord of the Rings* entitled *The Fellowship of the King* (envisioned to be the first book in a seven-book series entitled *The War of the Rings*). He filed his initial complaint on April 14, 2023. ECF No. 1.

Defendants had already begun work on a motion to dismiss the initial complaint when Plaintiff's counsel suggested she would be filing an amended complaint. Defs.' Mot. for Att'ys' Fees 4, ECF No. 52; Levine Decl. ¶ 16, ECF No. 52-1. The parties stipulated to extend Defendants' deadline to respond to

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02831-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *Demetrious Polychron v. Jeff Bezos et al.* | | |

the initial complaint because Plaintiff planned to file that amended complaint on the date that Defendants' response to the initial complaint was due and Defendants were unsure if Plaintiff would meet that deadline. Levine Decl. ¶ 7; ECF No. 26. To prepare their motions, Defendants were required to review an eight-episode television series and two versions of an over-300-page novel, and to conduct research about the canon surrounding *The Lord of the Rings*. Defs.' Mot. for Att'ys' Fees 16, ECF No. 52. Plaintiff filed his FAC on July 13, 2023. ECF No. 31.

The Amazon Defendants and the Tolkien Defendants each filed a motion to dismiss on July 27, 2023. ECF No. 42, 35. The Court granted these motions on August 14, 2023. ECF No. 47. In that order, Plaintiff's action was dismissed with prejudice, judgment was entered in favor of Defendants on all claims, and Plaintiff took nothing. J. 2, ECF No. 50.

## II. Legal Standards

### A. Awarding Attorneys' Fees Under the Copyright Act

"[A]n award of attorne[ys'] fees to a prevailing defendant that furthers the underlying purposes of the Copyright Act is reposed in the sound discretion of the district courts . . . ." *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 555 (9th Cir. 1996) (*Fogerty II*). "[S]uch discretion is not cabined by a requirement of culpability on the part of the losing party." *Id.* Courts deciding whether to award attorneys' fees "can look to five non-exclusive factors: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1180–81 (9th Cir. 2013).

"[S]ubstantial weight" is given to the fourth factor, i.e., the objective unreasonableness of the losing party's litigating position. *Shame on You Prods. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018). "[A] legal argument that loses is not necessarily unreasonable." *Shame on You Prods.*, 893 F.3d at 666 (citing *VMG Salsoul, LLC v. Ciccone*, 824 F.3d 871, 887 (9th Cir. 2016) and *Seltzer*, 723 F.3d at 1181). District Courts can analyze the reasonableness of a party's litigating position with respect to substantial similarity.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02831-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *Demetrious Polychron v. Jeff Bezos et al.* | | |

*Id.* at 667 (a party's subjective belief in the reasonableness of its litigating position on the extrinsic test of substantial similarity is not relevant to the reasonableness determination of that position).

Another important factor in determining whether to award fees under the Copyright Act is "whether an award will further the purposes of the Act." *Mattel, Inc. v. MGA Ent., Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013).[1] "The Act's 'ultimate aim is . . . to stimulate artistic creativity for the general public good." *Id.* (quoting *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975)). "That aim is furthered when defendants 'advance a variety of meritorious copyright defenses.'" *Id.* (quoting *Fogerty v. Fantasy*, 510 U.S. 517, 527 (1994) (*Fogerty II*)). Put more strongly, "[t]he successful defense of a copyright action always furthers the purposes of the Copyright Act to some degree by ensuring that meritless copyright claims – which may stifle creativity – are disposed of." *Gold Glove Prods. v. Handfield*, No. CV 13-7247 DSF (RZx), 2014 U.S. Dist. LEXIS 199453, *11 (C.D. Cal. June 4, 2014). Even so, "a prevailing defendant cannot always be entitled to fees." *Id.* The five factors mentioned above must be analyzed to decide if a prevailing defendant is entitled to an award of attorneys' fees. *Id.* at *12.

**B. Calculating Attorneys' Fees**

A court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. However, as the moving party, Plaintiff "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). "In evaluating the requested rate, judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Vargas v. Howell*, 949 F.3d 1188, 1199 (9th Cir. 2020) (internal quotation marks omitted).

---

[1] "In cases pre-dating the Supreme Court's holding in *Kirtsaeng* [*v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016)], the Ninth Circuit had referred to the purposes of the Copyright Act as the 'most important factor' in determining whether to award fees; the Ninth Circuit has since found that '[a]fter *Kirtsaeng*'s 2016 endorsement of a "totality of circumstances" approach and its statement that the losing party's reasonableness carries "significant weight," it is unclear whether the purposes-of-the-Copyright-Act factor remains the "most important" one. . . . Nevertheless, consideration of the purposes of the Copyright Act 'remains important.'" *Cinq Music Grp., LLC v. Create Music Grp., Inc.*, No. 2:22-cv-07505-JLS-MAR, 2021 U.S. Dist. LEXIS 76599, * 9 (C.D. Cal. Apr. 26, 2023) (citation omitted) (quoting *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1040–41 (9th Cir. 2018)).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02831-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *Demetrious Polychron v. Jeff Bezos et al.* | | |

Reasonable attorneys' fees are calculated as "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Gates*, 987 F.2d at 1397. To receive attorneys' fees, a party must present "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–6 n.11 (1984). The relevant community is that in which the district court sits. *Schwarz v. Sec'y of Health and Human Serv.*, 73 F.3d 895, 906 (9th Cir. 1995). For this Court, the relevant community is courts within the Central District of California ("District"). A district court is given wide latitude in reducing the fee applicant's compensable hours based on the above criteria. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). However, the court "must provide an explanation for the reduction." *Sorenson v. Mink*, 239 F.3d 1140, 1146–47 (9th Cir. 2001).

### III. Discussion

#### A. Defendants are Entitled to Attorney's Fees

Awarding attorneys' fees to Defendants furthers the purpose of the Copyright Act and satisfies the relevant five-factor test.

##### i. Awarding Attorneys' Fees to Defendants Furthers the Copyright Act's Purpose

Attorneys' fees may not be awarded as a matter of course to a prevailing party. *Shame on You Prods.*, 893 F.3d at 669 (citing *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016)). The Ninth Circuit has cautioned district courts to avoid "generic reasoning" that "could be broadly applied to most copyright cases in which a defendant prevails" when determining whether an award for attorneys' fees furthers the Act's purposes. *Id.*

Here, Plaintiff initiated a lawsuit claiming that Defendants had infringed his copyright in an unauthorized derivative work based on Defendants' validly protected work. Such a claim turns the basic ideas of copyright protection on their head. The goal of the Copyright Act is the enrichment of society

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02831-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *Demetrious Polychron v. Jeff Bezos et al.* | | |

through artistic production. *Mattel*, 705 F.3d at 1111. Artists would be disincentivized from creating fully realized characters and richly drawn worlds if they knew that others could use those characters and settings in their own unauthorized works and then sue the original creators for validly exercising their legal rights to create authorized derivative works. Forcing artists to internalize the costs of defending their original creations from infringers who weaponize the Copyright Act against those artists risks disincentivizing artistic creation; such an outcome would be in direct opposition to the purpose of the Act.

Plaintiff argues that an award of attorneys' fees would not service the purposes of the Copyright Act because "Plaintiff *is* an artist and has created an original work, regardless of whether the Court dismissed the case and found it to be an unauthorized derivative." Pl.'s Opp. to Defs.'s Mot. for Att'ys' Fees 4, ECF No. 55. While Plaintiff did create an artistic work, much of that work was not original enough to be entitled to copyright protection. The artistic merit of an infringing derivative work is not a consideration in copyright analysis; the goal of the Copyright Act is to maximize society's artistic output by incentivizing artistic creation through exclusive rights. Enforcing the Copyright Act might mean that Plaintiff's work does not join society's literary bounty, but it also ensures that other artists will choose to create, confident that the legal system will enforce the exclusive rights they have in their creations. This same argument defeats Plaintiff's claim that awarding attorneys' fees will have a chilling effect on artistic creation. *Id.* at 5. Only unauthorized derivative works should be chilled by this award. Any legitimate creation that may be potentially chilled is certainly outweighed by the amount of creation that will be spurred by enforcing the Copyright Act's regime of exclusive rights.

### ii. The *Seltzer* Factors Tilt in Favor of Defendants

Each of the five *Seltzer* factors favor the Defendants.

### a. Defendants Won a Complete Victory

Plaintiff's action was "DISMISSED WITH PREJUDICE on the merits and in its entirety" by the Court. J. 2, ECF No. 50. Judgment was "entered in favor of the Amazon Defendants and the Tolkien Defendants on all claims in this action." *Id.* Plaintiff took "nothing." *Id.* Defendants' complete victory means that factor one in the *Seltzer* analysis completely favors Defendants.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02831-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *Demetrious Polychron v. Jeff Bezos et al.* | | |

### b. Plaintiff's Complaint Was Frivolous

"'[A] claim is not frivolous under the Copyright Act merely because it is unsuccessful. Rather, a frivolous claim under the Copyright Act is one that, in either the factual or legal assertions, is clearly baseless, involving fantastic or delusional scenarios.'" *Bell v. Wilmott Storage Servs., LLC*, No. CV 18-7328-CBM-MRWx, 2019 U.S. Dist. LEXIS 161257, *3 (C.D. Cal. Sept. 12, 2019) (quoting *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB (SHx), 2015 U.S. Dist. LEXIS 54063, *21 (C.D. Cal. Mar. 24, 2015)).

The Court is mindful that frivolity and objective unreasonableness are two distinct factors under the *Seltzer* test. The Court also notes that numerous cases combine their analysis of the two factors. *E.g., id.* Here, the Court will simply note the fantasticality of Plaintiff's claim: that Defendants had infringed Plaintiff's copyright in an unauthorized derivative work based on Defendants' validly protected work. Such an argument was frivolous from the beginning. Accordingly, this factor weighs in favor of awarding attorneys' fees to Defendants.

### c. The Motivation Factor Somewhat Favors Defendants

Despite repeated communications by Defense counsel informing him that his case was without merit, Plaintiff continued pursuing his claim. Defense counsel attempted to inform Plaintiff several times of the untenability of his legal position. They sent him a letter citing to relevant caselaw on April 27, 2023. Levine Decl. ¶ 2, ECF No. 52-1. They engaged in a pre-filing conference on June 23, 2023, where they reiterated their points. *Id.* ¶ 5. They did the same at a conference on July 18, 2023. *Id.* ¶ 8. None of these efforts persuaded Plaintiff to dismiss his suit. Given the overwhelming improbability of success (discussed in greater detail below), the motivation factor tilts against Plaintiff.

Defendants also allege that the timing of Plaintiff's lawsuit suggests improper motivation. Defendants allege that between March 30, 2023, and April 14, 2023, Plaintiff repeatedly postponed a call between himself and counsel for the Tolkien Defendants related to a cease-and-desist letter that they had sent him regarding his work. Koonce Decl. ¶ 9, 6, ECF No. 52-6. They claim that Plaintiff filed his initial complaint on the same day that this call had been rescheduled to take place. *Id.* ¶ 9. The Court declines to read an improper motivation into this timing.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02831-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *Demetrious Polychron v. Jeff Bezos et al.* | | |

Additionally, Defendants allege in a conclusory fashion that Plaintive "aggressively" pursued his case. Defs.' Mot. for Att'ys' Fees 9, ECF No. 52. However, they provide no information to support this claim and the Court therefore declines to find that Plaintiff engaged in the aggressive pursuit of this case.

Lastly, the Court declines to read an improper motivation into Plaintiff counsel's choice to issue a press release related to this case. Defs.' Mot. for Att'ys' Fees 3–4, ECF No. 52.

### d. Plaintiff's Factual and Legal Arguments Were Objectively Unreasonable

The objective unreasonableness of a party's litigation position is awarded substantial weight in the analysis of whether to award attorneys' fees. Here, the Court will note, as Defendants point out, that it dismissed Plaintiff's FAC in its entirety and on the merits before Defendants had filed their reply briefs and before oral arguments on the motions. Defs.' Mot. for Att'ys' Fees 7, ECF No. 52. As the Court noted in its order dismissing Plaintiff's complaint, "Plaintiff has admitted that the characters were taken directly from *The Lord of the Rings* in his correspondence with Simon Tolkien and the Tolkien Estate. He has also admitted that his series is intended to be a sequel to *The Lord of the Rings*, so every plot point flows from the ending of the *Lord of the Rings* series—thereby continuing the story of what would happen to the rings, the original characters, and their children." ECF No. 47. It was objectively unreasonable for Plaintiff to bring a copyright infringement suit alleging that his rights had been violated; he had no protected rights to begin with.[2] It was even more unreasonable to bring that suit against these Defendants, who held the valid copyright in the work that Plaintiff used, without permission, to make his own.

### e. Awarding Attorney's Fees Will Advance Considerations of Compensation and Deterrence

Granting an award of attorneys' fees to Defendants will advance the goals of both general and specific deterrence. The Ninth Circuit has held that district courts can validly consider the need for

---

[2] As noted previously, there is some uncertainty in the caselaw about the protectability of original elements in derivative works. ECF No. 47. However, that uncertainty is not relevant to the facts of this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02831-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *Demetrious Polychron v. Jeff Bezos et al.* | | |

deterrence of frivolous claims in general when awarding attorneys' fees. *Shame on You Prods.*, 893 F.3d at 668 (citing *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1043–43 (9th Cir. 2014). Here, the Court finds that granting attorneys' fees in this case will deter similarly frivolous cases in the future.

More significantly, Plaintiff has admitted that his book was intended to be the first in a seven-book series. An award of attorneys' fees will hopefully discourage him from repeated lawsuits against Defendants based on any of these planned sequels.

### B. Defendants' Attorneys' Fees Must Be Reduced

#### i. The Hourly Rates Billed Are Appropriate

The Amazon Defendants enlisted the law firm Davis Wright Tremaine LLP ("DWT") to represent them in this matter. The attorneys who worked on the case, along with their hourly rates as billed by DWT, are as follows: Nicolas Jampol, a media & entertainment partner in the firm's Los Angeles office, had his time billed at a "discounted rate" of $650 per hour; Amanda Levine, a media & entertainment associate in the firm's New York City office, had her time billed at a "discounted rate" or $550 per hour; and Samuel Turner, a media & entertainment associate in the firm's Los Angeles office, had his time billed at a "discounted rate" of $550 per hour. Defs. Mot. for Att'ys' Fees 12–13. "The Court has reviewed the attorneys' rates and experience and, based on its own experience and familiarity with [the] local market, finds these rates reasonable." *Cinq Music Grp., LLC v. Create Music Grp., Inc.*, No. 2:22-cv-07505-JLS-MAR, 2023 U.S. Dist. LEXIS 76599, *11 (C.D. Cal. Apr. 26, 2023).

The Tolkien Defendants enlisted the law firms Klaris Law PLLC ("Klaris") and Maier Blackburn LLP ("MB") to represent them in this matter. The attorneys who worked on the case, along with their hourly rates as billed by Klaris or MP, are as follows: Lance Koonce, a partner at Klaris, had his time billed at $550 per hour; Gili Karev, an associate at Klaris, had her time billed at $450 per hour; and Samuel Turner, a founding partner at MP, had his time billed at £480 per hour. Defs. Mot. for Att'ys' Fees 13–14. "The Court has reviewed the attorneys' rates and experience and, based on its own experience and familiarity with [the] local market, finds these rates reasonable." *Cinq Music Grp., LLC v. Create Music Grp., Inc.*, No. 2:22-cv-07505-JLS-MAR, 2023 U.S. Dist. LEXIS 76599, *11 (C.D. Cal. Apr. 26, 2023).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02831-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *Demetrious Polychron v. Jeff Bezos et al.* | | |

### ii. The Number of Hours Billed Is Too High

The Court notes that Defendants have declined to seek fees for the entire range of time that they spent working on the present case. In particular, Defendants do not seek fees "for the time incurred by attorneys and paralegals who have assisted with the matter, nor for the significant time spent on this matter by in-house counsel at Amazon." Defs. Mot. for Att'ys' Fees 15, ECF No. 52.

#### a. DWT Billed Too Many Hours Regarding Plaintiff's First Amended Complaint

Counsel for the Amazon Defendants billed 52.1 hours to respond to the Plaintiff's initial complaint and 67.4 hours to respond to the FAC. Defendants have not alleged that there were significant differences between the initial complaint and the FAC; to the contrary, Defendants claim that the FAC "suffered from many of the same defects as the initial complaint." Levine Decl. ¶ 8, ECF No. 52-1.

Defendants partially explain the need to do extra work on the FAC. First, they note that revisions and research were required to evaluate differences between Plaintiff's registered work and the work that Plaintiff claimed to be suing upon. Reviewing these different iterations of the same book for differences undoubtedly took many hours. Moreover, Defense counsel drafted a reply brief for the FAC but had not done so for the initial complaint; the need to draft this reply for the first time (which took 15.7 hours) also partially explains the number of hours worked on the FAC.

Even so, the Court still finds the amount of time spent to be disproportionate to the nature of the changes between versions of the complaint. The Court therefore strikes the following hours from the invoice of the Amazon Defendants' counsel, for a reduction of $7,540 and resulting in a total award of $66,610.

| Date | Timekeeper | Hours | Rate | Amount | Task Type | Narrative |
|---|---|---|---|---|---|---|
| 7/20/2023 | Jampol, Nicolas | 5.3 | $650.00 | $3,445.00 | FAC MTD | Review research and |

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02831-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *Demetrious Polychron v. Jeff Bezos et al.* | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | revise argument regarding unprotectability of infringing works for motion to dismiss amended complaint |
| 7/21/2023 | Jampol, Nicolas | 6.3 | $650.00 | $4,095.00 | FAC MTD | Review research and revise argument regarding lack of substantial similarity as a matter of law and failure to adequately plead contributory or vicarious infringement for motion to dismiss amended complaint |

**b.  Klaris Billed Too Many Hours Regarding Plaintiff's First Amended Complaint**

The Court first notes that Klaris has already adjusted its invoice to account for partial and complete redactions to the invoices provided. Koonce Decl. n. 1, ECF No. 52-6.

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02831-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *Demetrious Polychron v. Jeff Bezos et al.* | | |

Per the Court's own tabulation, Klaris billed 49 hours to respond to the Plaintiff's initial complaint and 91.95 hours to respond to the FAC (of which 26.7 hours were spent working on the reply brief).[3] As explained above, the necessity of reviewing multiple drafts of Plaintiff's work and drafting a reply for the first time certainly necessitated additional work between the two complaints.

Even so, the Court still finds the amount of time spent to be disproportionate to the nature of the changes between versions of the complaint. The Court therefore strikes the following hours from Klaris's invoice, for a reduction of $10,837.50 resulting in a total award of $57,362.00.

| Date | Narrative | Timekeeper | Hours | Amount |
|---|---|---|---|---|
| 7/24/2023 | Continued review of and revisions to all motion papers, including memo of law, declaration, notice of lodging, exhibits | L.K. | 2.75 | $1,512.50 |
| 7/25/2023 | Prepare filing papers for motion to dismiss | G.K. | 3.75 | $1,687.50 |
| 7/25/2023 | Continued review of and revisions to all motion papers, including memo of law, declaration, notice of lodging, exhibits | L.K. | 2.00 | $1,100.00 |
| 7/26/2023 | Review and finalize filings for motion to dismiss | G.K. | 6.75 | $3,037.50 |

---

[3] These tabulations may be slightly off due to Klaris's failure to explicitly break down how it had reduced its partially redacted hours.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02831-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *Demetrious Polychron v. Jeff Bezos et al.* | | |

| | | | | |
|---|---|---|---|---|
| | (con't); correspondence and coordination with local counsel re: same; initial draft of Request for Judicial Notice; revise re: same | | | |
| 7/26/2023 | Continued review of and revisions to all motion papers, including memo of law, declaration, notice of lodging, exhibits; review of Amazon's brief | L.K. | 3.50 | $1,925.00 |
| 7/27/2023 | Finalize filing papers for MTD; complete filing re: same | G.K. | 3.50 | $1,575.00 |

### c. MB Billed a Reasonable Number of Hours

MB largely billed for consultations that Maier performed with counsel for the Tolkien Defendants, as well as some consultations with counsel for the Amazon Defendants. Per the Court's tabulations, he spent 10.2 hours working on the response to Plaintiff's initial complaint and 6.1 hours responding to Plaintiff's FAC. As counsel for the Tolkien Defendants, these amounts are in addition to the hours billed by Klaris (49 hours to respond to the Plaintiff's initial complaint and 91.95 hours to respond to the FAC).

While counsel for the Tolkien Defendants collectively billed a high number of hours to respond to Plaintiff's FAC which did not significantly alter the legal issues in this case, the Court finds that Maier's billed hours were reasonable and did not contain extraneous work. Accordingly, MB is awarded the requested $10,665.00.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02831-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *Demetrious Polychron v. Jeff Bezos et al.* | | |

### IV. Conclusion

For the foregoing reasons, the court GRANTS IN PART Defendants' motion for attorney's fees. The award is broken down as follows: $66,610.00 to Amazon Defendants for the work of DWT and $68,027.00 to Tolkien Defendants, of which $57,362.00 is for Klaris's services and $10,665.00 is for MB's services.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |